UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMADOU BARRY and GUNGOR AKCELIK, individually and on behalf of all other persons similarly situated who were employed by S.E.B. SERVICE OF NEW YORK, INC. and/or and/or ROBERT DINOZZI any other entities affiliated with or controlled by S.E.B. SERVICE OF NEW YORK, INC., and/or ROBERT DINOZZI,<br><br>                                                     Plaintiffs,<br><br>                            -against-<br><br>S.E.B. SERVICE OF NEW YORK, INC., and/or ROBERT DINOZZI and/or any other entities affiliated with or controlled by S.E.B. SERVICE OF NEW YORK, INC., and/or ROBERT DINOZZI,<br><br>                                                     Defendants. | 11-cv-5089 (MDG) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
<u>AND REQUEST FOR PROFESSIONAL FEES AND COSTS</u>**

**VIRGINIA & AMBINDER, LLP**
Lloyd Ambinder, Esq.
Suzanne Leeds Klein, Esq.
40 Broad Street, Seventh Floor
New York, New York 10004
Tel:     (212) 943-9080
Fax:     (212) 943-9082

**LEEDS BROWN LAW, P.C.**
Jeffrey K. Brown, Esq.
Michael A. Tompkins, Esq.
One Old Country Road, Suite 347
Carle Place, New York 11568
Tel: (516) 873-9550

*Class Counsel*

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION………………………..………………………………………..…1

    POINT I: THE SETTLEMENT SHOULD BE APPROVED BY THE COURT……..…2

    POINT II: CLASS COUNSEL'S ATTORNEY FEES ARE REASONABLE……..….4

        1.  Class Counsel's Time and Labor………………………………….…5

        2.  Magnitude and Complexity of the Litigation………………….……7

        3.  Risk of Litigation…………………………………………………8

        4.  Quality of Representation…………………………...…………….8

        5.  Public Policy Considerations………………………………………11

        6.  Class Counsel's Rates Are Reasonable…………………….……….12

    POINT III: CLASS COUNSEL IS ENTITLED TO REIMBURSEMENT OF COSTS…………………………………………………………………...13

    POINT V: THE CLASS REPRESENTATIVES ARE ENTITLED TO A MODEST INCENTIVE AWARD FOR REPRESENTING THE CLASS…………………….…14

CONCLUSION………………………………………………………...……………16

ii

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

<u>A.H. Phillips v. Walling</u>, 324 U.S. 490 (1945)……………………………….……………11

<u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182

      (2nd Cir. 2008)…………………………………………………...………………..5, 12

<u>Barfield v. New York City Health and Hospitals Corp.</u> 537 F.3d 132 (2nd Cir. 2008)………....5

<u>Barrentine v. Arkansas-Best Freight Systems, Inc.</u>, 450 U.S. 728 (1981)……………..……….8

<u>Castagna v. Madison Square Garden, L.P.</u>, 2011 U.S. Dist. LEXIS 64218

      (SDNY June 7, 2011)………………………………………………………………15

<u>City of Detroit v. Grinnell Corp.</u>, 495 F.2d 448 (2d Cir. 1974)……………….…………..……4, 8

<u>Deposit Guarantee National Bank v. Roper</u>, 445 U.S. 326 (1980)………………..…………...11

<u>Dolgow v. Anderson</u>, 43 F.R.D. 472 (E.D.N.Y. 1968), *reversed and remanded on other grounds*,

      438 F.2d 825 (2d Cir. 1970)………………………………………….…………………11

<u>Goldberger v. Integrated Resources Inc.</u>, 209 F.3d 43 (2nd Cir. 2000)……………...……..*passim*

<u>Hicks v. Morgan Stanley</u>, Index No. 01-cv-10071 (RJH), 2005 WL 2757792

      (S.D.N.Y. Oct. 24, 2005)………………………………………….………………7

<u>In re Global Crossing Securities & ERISA Litigation</u>, 225 F.R.D. 436 (S.D.N.Y. 2004)……....9

<u>In re Independent Energy Holdings PLC Securities Litigation</u>, 302 F. Supp. 2d 180

      (S.D.N.Y. 2003)…………………………………………….…………………..14

<u>In re Lloyd's American Trust Fund Litigation</u>, Index No. 96-cv-1262 (RWS),

      2002 WL 31663577 (S.D.N.Y. Nov. 26, 2002)……………………………………...7

<u>In re NASDAQ Market-Makers Antitrust Litigation</u>, 187 F.R.D. 465 (S.D.N.Y. 1998)…..………7

<u>In re Prudential Securities Inc. Ltd. Partnership Litig.</u>, 912 F. Supp. 97 (S.D.N.Y. 1996)……....7

<u>In re RJR Nabisco, Inc. Securities Litigation</u>, Index No. 88-cv-7905(MBM),

    1992 WL 210138, (S.D.N.Y. Aug. 24, 1992)……………………………….………….7

<u>In re Sumitomo Copper Litigation</u>, 74 F. Supp. 2d 393 (S.D.N.Y. 1999)………………………11

<u>Joel A. v. Giuliani</u>, 218 F.3d 132, 138 (2nd Cir. 2000)………………………….………….……..2

<u>Miltland Raleigh-Durham v. Myers</u>, 840 F. Supp. 235 (S.D.N.Y. 1993)………………………...14

<u>Rabin v. Concord Assets Group, Inc.</u>, Index No. 89-cv-6130(LBS), 1991 WL 275757

    (S.D.N.Y. Dec. 19, 1991)…………………………………………………….………...7

<u>Reyes v. Buddha-Bar NYC</u>, No. 08-cv-2494(DF), 2009 WL 5841177

    (S.D.N.Y. May 28, 2009)………………………………………….…………………….5

<u>Taft v. Ackermans</u>, Index No. 02-cv-7951(PKL), 2007 WL 414493

    (S.D.N.Y. Jan. 31, 2007)………………………………………………………...….8

<u>Tart v. Lions Gate Entm't Corp.</u>, No. 14 Civ. 8004 (AJN), 2015 U.S. Dist. LEXIS 139266, *7,

    *12 (S.D.N.Y. Oct. 13, 2015)………………………………………………………10

**Statutes**

Federal Rule of Civil Procedure 23(e)……………………………………………..………2

29 U.S.C. § 216(b)……………………………………………...………..1, 4, 14

NYLL § 663…………………………………………………………………..4, 14

## INTRODUCTION

In connection with Plaintiffs' Motion for Final Approval of the Class Action Settlement ("Motion for Final Approval") in the above-captioned action, Virginia & Ambinder, LLP and Leeds Brown Law, P.C., as Class Counsel, make this application for an Order seeking a) final approval of the settlement of this action; and b) an award of attorneys' fees and costs in the amount of $200,000.00 for legal services performed in successfully prosecuting the claims in this action. A copy of the Proposed Final Order is annexed to the October 16, 2015 Declaration of Suzanne Leeds Klein ("Klein Dec.") as Exhibit A.

This action was commenced on October 19, 2011 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law §§ 652 and 663; New York Labor Law § 190; and New Jersey Statutes §§ 34:11-56a4 *et seq.* The Named Plaintiffs Amadou Barry and Gungor Akcelik initiated this action on behalf of themselves and all similarly situated co-workers to recover unpaid wages, including overtime compensation, "off-the-clock" wages and unpaid "travel time" wages owed to themselves and all present and former security personnel employed by SEB since 2005.

During the almost four years spent litigating this class and collective action, Class Counsel has spent more than 1,154 attorney and paralegal hours prosecuting this case. [Klein Dec., ¶26]. Class Counsel's efforts to date have been without compensation, and their entitlement to be paid has been wholly contingent upon achieving a good result. Further, Defendants have also consented to Class Counsel's fee request. For the reasons set forth below, Class Counsel respectfully submits that the attorneys' fees are fair and reasonable under the applicable legal standards, and, in light of the contingency risk undertaken and the result achieved, should be awarded.

**POINT I:**
**THE SETTLEMENT SHOULD BE APPROVED BY THE COURT**

Federal Rule of Civil Procedure 23(e) sets out the following requirements for court-approved settlement of a class action:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Here, a Notice of Proposed Settlement and Release ("Notice") [Klein Dec., Exhibit B] has been sent to class members in accordance with this Court's July 7, 2015 preliminary approval of the settlement. At that time, this Court was presented with the parties' settlement agreement [Klein Dec., Exhibit C]. The Court also granted final approval of the parties' settlement of claims for members of the FLSA collective. The FLSA claimants have already received checks and accepted the terms of the settlement. [Klein Dec., ¶4]. Currently, a Fairness Hearing under FRCP 23(e)(2) is scheduled for October 27, 2015 at 11:00 a.m. To date, no class members have objected to or opted out of the settlement.

When approving a class action settlement, "the district court must determine that a class action settlement is fair, adequate, and reasonable, and not a product of collusion." *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000). Here, the parties came to this class resolution after

2

significant discovery, motion practice and numerous protracted settlement negotiations, including formal mediation and lengthy Settlement Conferences before this Court, the parties agreed to the terms of the Settlement Agreement. The parties submit that this settlement is a fair result for members of the class.

Throughout the litigation, there were significant factual and legal disputes that went to the heart of Plaintiffs' claims.  The class claimants worked for SEB as undercover guards. The crux of the undercover guard claims are based on uncompensated time spent traveling between work sites, which lead to unpaid overtime compensation. After significant discovery and a thorough audit of SEB's payroll and travel records, Class Counsel discovered that the class claimants may be entitled to less overtime compensation than initially believed. While some class members had more significant damages than others, across the board, there would only be a limited recovery for the majority of class members. As such, the settlement amounts for class claimants was determined by: (i) conducting an audit of SEB's records (including schedules, payroll documents, timesheets, etc.); (ii) multiplying the amount of calculated exposure by two to account for liquidated damages; (iii) adding an additional percentage to the total amount to account for any deficiencies in the calculations; and (iv) determining a percentage based on total wages earned during their employment with SEB. Based on these components, the amounts owed to Class Claimants employed as undercover guards range from $81.25 up to $11,520.00. Based on these calculations, a fund of $56,630.50 was established to compensate the approximate 190 putative class claimants.[1]

---

[1] It should be noted that FLSA opt-in Plaintiffs with New York Labor Law claims were eligible to recover additional money from a fund of $43,610.00.

3

In light of the strength of the claims and evidentiary burdens if this case were to proceed to trial, counsel believes this settlement is fair and reasonable, and compensates claimants with a substantial portion, if not all, of their alleged unpaid wages. The settlement has provided ample opportunity for class members to participate and recover unpaid wages, was the result of several settlement conferences, and is not a product of collusion. Considering the numerous risks in this case and the uncertainly of further litigation, this settlement is an excellent result for the Plaintiffs, and it should be approved as a fair settlement. *See generally City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

**POINT II:**
**CLASS COUNSEL'S ATTORNEY FEES ARE REASONABLE**

The Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") provide for recovery of reasonable attorneys' fees by successful plaintiffs. 29 U.S.C. § 216(b) (2006); NYLL §§ 198(1-a), (1-d). The FLSA and NYLL also permit recovery of out of pocket costs by successful plaintiffs. 29 U.S.C. § 216(b) (2006); NYLL § 663(1)).

The standard for awarding attorneys' fees and costs is one of reasonableness. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." *Husain v. Springer*, No. 97 CV 2982 (NG) (CLP), 2013 U.S. Dist. LEXIS 37134, 15-16 (E.D.N.Y. Mar. 14, 2013) (*citing Perdue v. Kenny A.*, 559 U.S. 542, 130 S.Ct. 1662, 1676 (2010)). "The Second Circuit has 'repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation.'" *Id.* (*citing Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). Instead, attorneys should be compensated for time "reasonably spent on achieving the favorable outcome, even if 'the plaintiff failed to prevail on every contention.'" *Id.* (*citing Fox v. Vice*, 131 S.Ct. 2205, 2214, 180

4

L. Ed. 2d 45 (2011) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)); *see also Torres v. Gristede's Operating Corp.*, 519 Fed. Appx. 1, 6 (2d Cir. N.Y. 2013) ("[t]he whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery.") (*quoting* Millea v. Metro-N. R.R. Co., 658 F.3d 154, 169 (2nd Cir. 2011) (emphasis in original)). "'Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by 'private attorneys general', attorneys who fill the private attorney general role must be adequately compensated for their efforts.' If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." *Capsolas v. Pasta Res., Inc.*, No. 10-cv-5595 (RLE), 2012 U.S. Dist. LEXIS 144651 (S.D.N.Y. Oct. 5, 2012) (*quoting Reyes v. Altamarea Group*, No. 10-CV-6451 (RLE), 2011 U.S. Dist. LEXIS 115984 at *7 (S.D.N.Y. Aug. 16, 2011); *Sand v. Greenberg*, No. 08 Civ. 7840 (PAC), 2011 U.S. Dist. LEXIS 36266, at *3 (S.D.N.Y. Mar. 22, 2011) ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected.").

When assessing the reasonableness of a fee, Courts assess several factors, including: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation and degree of success; and (5) public policy considerations. *See e.g. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008); *Barfield v. New York City Health and Hospitals Corp*. 537 F.3d 132, 152 (2d Cir. 2008); *Goldberger*, 209 F.3d 43 (2d Cir. 2000); *Clover v. Shiva Realty of Mulberry, Inc.*, No. 10 Civ. 1702(RPP), 2011 U.S. Dist LEXIS 51697, *5-6 (S.D.N.Y. May 13, 2011). All of the aforementioned factors weigh heavily in favor of Class Counsel's fee application.

1. **Class Counsel's Time and Labor**

Class Counsel expended significant effort and took considerable risk achieving the settlement in this action. While this case did not go to trial, it was a complex wage and hour class action, involving hundreds of former employees, who were employed across a 6 year period. This action was litigated for four years and was vigorously contested by Defendants throughout the litigation.

In the instant action, the parties engaged in pre-certification discovery, which entailed depositions of all the parties, in addition to written and paper discovery. Plaintiffs' motions for conditional certification and the order to show cause regarding Defendants' communications were both highly disputed by the Defendants. Plaintiffs also appeared at several conferences before this Court, and spent considerable time communicating with the named plaintiffs, opt-in plaintiffs and numerous other present and former employees regarding the allegations in the litigation and their legal rights. Class Counsel also spent considerable time negotiating a settlement with Defendants, which included protracted discussions, formal mediation, lengthy settlement conferences before this Court, damage audits, comprehensive document review, and numerous meetings and telephonic conferences with clients about their claims and the terms of the potential settlement agreement. Class Counsel then had to prepare the settlement agreement, file a motion for preliminary approval of settlement, coordinate the notice process, and facilitate the claims procedures for class members.

In total, Class Counsel performed more than 1,154 hours prosecuting this case through settlement, totaling more than $388,558.00 in fees. [Klein Dec., ¶¶ 26-27]. This figure does not include all of the time Class Counsel has devoted to this fee application, or the time that will be devoted to the final administration of the settlement process, including distribution of the

settlement proceeds.  Class Counsel is further likely to spend additional hours communicating with class members and ensure they received any settlement proceeds. These hours are reasonable for a case like this, heavily litigated for almost four years for a collective and class of almost 500 workers.

Pursuant to the parties' agreement, Class Counsel has accepted $200,000.00 in professional fees and costs. In furtherance of settlement, Class Counsel has agreed to this lesser amount, despite the lodestar amount. The lodestar method requires multiplying the hours reasonably expended on the case by a reasonable hourly rate. *See e.g. Hicks v. Morgan Stanley*, Index No. 01-cv-10071 (RJH), 2005 WL 2757792, at *10 (S.D.N.Y. Oct. 24, 2005). Courts regularly award lodestar multipliers from 2 to 6 times the lodestar. *See, e.g.*, *In re Lloyd's American Trust Fund Litigation*, Index No. 96-cv-1262 (RWS), 2002 WL 31663577, at *27 (S.D.N.Y. Nov. 26, 2002) (a "multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit"); *Maley*, 186 F. Supp. 2d at 371 (the "modest multiplier of 4.65 is fair and reasonable"); *In re NASDAQ Market-Makers Antitrust Litigation*, 187 F.R.D. at 489 (awarding multiplier of 3.97 times lodestar); *Rabin v. Concord Assets Group, Inc.*, Index No. 89-cv-6130(LBS), 1991 WL 275757, at *1 (S.D.N.Y. Dec. 19, 1991) (awarding multiplier of 4.4); *In re RJR Nabisco, Inc. Securities Litigation*, Index No. 88-cv-7905(MBM), 1992 WL 210138, at *5 (S.D.N.Y. Aug. 24, 1992) (awarding multiplier of 6).

Here, Class Counsel does not seek any lodestar multiplier and, in fact, will be accepting substantially less than the lodestar amount. [Klein Dec. ¶¶ 25-27] This is well below the range awarded by courts in this Circuit. The time spent by Class Counsel is described in the accompanying Declaration of Suzanne Leeds Klein and all work can be seen in Exhibits D and E

7

annexed thereto, which are Class Counsel's contemporaneous time records.   As such, Class Counsel's request for attorneys' fees is reasonable.

### 2.  Magnitude and Complexity of the Litigation

The size and difficulty of the issues in a case are significant factors to be considered in making a fee award. *Goldberger*, 209 F.3d at 50; *In re Prudential Securities Inc. Ltd. Partnership Litig.*, 912 F. Supp. 97, 100 (S.D.N.Y. 1996). Courts have recognized that wage and hour cases involve complex legal issues: "FLSA claims typically involve complex mixed questions of fact and law . . . . These statutory questions must be resolved in light of volumes of legislative history and over four decades of legal interpretation and administrative rulings." *Barrentine v. Arkansas-Best Freight Systems, Inc.*, 450 U.S. 728, 743 (1981).

An analysis of the legal complexities of the issues at hand in this case make it abundantly clear that the "magnitude and complexities of the litigation" weigh in favor of granting Plaintiffs' application for attorneys' fees.

### 3.  Risk of Litigation

The risk of litigation is also a critical factor in determining a fee award. Uncertainty that an ultimate recovery will be obtained is highly relevant in determining the reasonableness of an award. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 470 (2d Cir. 1974). "[D]espite the most rigorous and competent of efforts, success is never guaranteed." Id. at 471.

Understanding this risk, Class Counsel undertook to prosecute this action without any assurance of payment for their services, litigating this case on a wholly contingent basis. Needless to say, there was no guarantee of success, but Class Counsel believed that Plaintiffs were taken advantage of by Defendants and not paid their lawful wages.  Large-scale wage and hour cases of this type are, by their very nature, complicated and time-consuming.  Due to the contingent nature

of the customary fee arrangement, lawyers are asked to be prepared to make this investment with the real possibility of an unsuccessful outcome and no fee of any kind. Class Counsel stood to gain nothing in the event the case was unsuccessful.  Accordingly, the risk of litigation and collection weigh in favor of Class Counsel's request for attorneys' fees.

### 4.  Quality of Representation

 "To determine the 'quality of the representation,' courts review, among other things, the recovery obtained and the backgrounds of the lawyers involved in the lawsuit." *Taft v. Ackermans*, Index No. 02-cv-7951(PKL), 2007 WL 414493, at *10 (S.D.N.Y. Jan. 31, 2007) (*citing In re Global Crossing Securities & ERISA Litigation*, 225 F.R.D. 436, 467 (S.D.N.Y. 2004).

The settlement represents a fair and reasonable value given the risk of litigation in this action and represents a substantial amount that could have been obtained by the Class had this action proceeded fully to trial. The settlement amounts will further be available to Class Members without the uncertainty and delay of trial.  Perhaps most importantly, the Class Members will each receive 100% of their allocated share of the settlement. No portion of their respective allocations will go towards professional fees and costs.

Class Counsel has extensive experience prosecuting wage and hour class and collective actions.  V&A and LBL are considered premier labor and employment Plaintiffs' firms in the New York metropolitan area and have represented thousands of workers to recover unpaid wages. [Klein Dec. ¶¶ 14-20 for a detailed summary of Class Counsel's representation in similar class and collective actions].  *See generally: Destin v. World Financial Group, Inc.* (N.D. Ga. Feb. 11, 2015) (granting conditional certification to a nationwide class of more than 100,000 workers); *Weinstein v. Jenny Craig Operations, Inc.*, 2011/105520 (Sup. Ct. N.Y. Cty., Oct. 24, 2013) (granting certification to workers at Jenny Craig locations across New York state); *Ruiz v. Scotto's*

*Smithtown Rest. Corp.*, Index No. 2010-600317 (Sup. Ct. Nassau Cty., Comm. Div., July 17, 2013) (approving class-wide settlement on behalf of 2,929 service employees); *Cataldo v. Morrell Caterers*, 12-CV-1690 (JFB)(ARL) (E.D.N.Y. June 25, 2013) (granting a Rule 23 class of service employees at three permanent catering locations); *Williams v. Air Serv Corp.*, 108648/2010 (Sup. Ct. N.Y. Cty., April 19, 2013); *In re: Penthouse Executive Club Compensation Litigation*, 10-CV-1145 (KMW) (S.D.N.Y., Jan. 14, 2014) (approving distribution of settlement proceeds to a class of 235 workers for minimum wage, illegal deductions, and tip violations); *Toro v. Executive Club*, 10-cv-1545 (S.D.N.Y. August 29, 2012); *Marcus et al. v. AXA Advisors, LLC*, 11-CV-2339 (SJ)(SMG) (E.D.N.Y., June 26, 2012) (granting nationwide conditional certification under the FLSA of nearly 3,000 financial service workers); *McBeth v. Gabrielli Trucking*, 09-CV-4112(LDW) (E.D.N.Y. 2011); *Agard v. Olson's Creative Landscaping*, Index No. 10/009098 (Sup. Ct. Nassau Cty.); *Cruz v. 13ᵗʰ Avenue Fish Market, Inc.*, 11-CV-1209(SJ)(CLP) (E.D.N.Y. Dec. 27, 2011); *Hughes v. Jacaranda Club, LLC*, 09-CV-10571(RJS) (S.D.N.Y., Aug. 4, 2010); *Zepeda et al. v. Franari Produce Distributors Inc., et al.*, (E.D.N.Y. 10-cv-2588) (Bianco, J.); *McBeth, et al. v. Gabrelli Truck Sales Ltd., et al.* (E.D.N.Y. 09cv 4112) (Wexler, J.); *In re Penthouse Exec. Club Comp. Litig.*, 2010 U.S. Dist. LEXIS 114743 (S.D.N.Y. Oct. 27, 2010); *Brieno v. USI Servs. Group*, 2010 U.S. Dist. LEXIS 78672 (E.D.N.Y. Aug. 3, 2010);

Most recently, in a Memorandum and Order granting preliminary approval of the class and collective action settlement in *Tart v. Lions Gate Entm't Corp.*, 14 Civ. 8004 (S.D.N.Y.), the Honorable Alison J. Nathan noted:

> Virginia & Ambinder, LLP and Leeds Brown Law, P.C. are experienced and well-qualified employment and class action lawyers with expertise in prosecuting and settling labor law cases. The substantial work that Plaintiffs' counsel has performed in investigating, litigating and reaching a settlement in this case demonstrates their commitment to the class and representing the class's interests, as well as their

> general ability to conduct this litigation…As noted above, Virginia & Ambinder,
> LLP and Leeds Brown Law, P.C. have extensive experience in labor law class
> actions and have devoted considerable time and effort to litigating and settling this
> action on behalf of the class.

*Tart v. Lions Gate Entm't Corp.*, 2015 U.S. Dist. LEXIS 139266, *7, *12 (S.D.N.Y. Oct. 13, 2015)

(further noting that "[n]umerous courts have granted final approval to class settlements with

Virginia & Ambinder, LLP and Leeds Brown Law, P.C. as class counsel. *Id.* at n1, *citing In re*

*Penthouse Exec. Club Comp. Litig.*, 10-CV-1145 (KIMW), 2014 U.S. Dist. LEXIS 5864

(S.D.N.Y. Jan. 14, 2014); *Garcia v. Exec. Club LLC*, 10-CV-1545 (SHS), 2012 U.S. Dist. LEXIS

189823 (S.D.N.Y. May 11, 2012); *Cruz v. 13th Ave Fish Market, Inc.*, 11-CV-1209 (SJ) (E.D.N.Y.

Dec. 27, 2011)).

There can be no doubt that, in achieving substantially all recovery that Plaintiffs could have

hoped to achieve had this case been successfully prosecuted at trial, Class Counsel here provided

excellent representation to the Class. This substantially weighs in favor of Plaintiffs' application

for attorneys' fees.

**5. Public Policy Considerations**

Public policy considerations also weigh in favor of granting Class Counsel's requested

fees. In rendering awards of attorneys' fees, "the Second Circuit and courts in this district also

have taken into account the social and economic value of class actions, and the need to encourage

experienced and able counsel to undertake such litigation." *In re Sumitomo Copper Litigation*, 74

F. Supp. 2d 393, 399 (S.D.N.Y. 1999).  The Fair Labor Standards Act and state wage and hour

laws are remedial statutes designed to protect the wages of workers. *See A.H. Phillips v. Walling*,

324 U.S. 490, 493 (1945) (recognizing the FLSA's objective of ensuring that every employee

receives "a fair day's pay for a fair day's work"). Fair compensation for attorneys who prosecute those rights by taking on such litigation furthers the remedial purpose of those statutes.

Courts have recognized that fee awards in cases like this serve the dual purposes of encouraging "private attorneys general" to seek redress for violations and discourage future misconduct of a similar nature. *See Deposit Guarantee National Bank v. Roper*, 445 U.S. 326, 338-39 (1980); *see also Dolgow v. Anderson*, 43 F.R.D. 472, 487 (E.D.N.Y. 1968), *reversed and remanded on other grounds*, 438 F.2d 825 (2d Cir. 1970). Where relatively small claims can only be prosecuted through aggregate litigation, as in this case, attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. *Goldberger*, 209 F.3d at 51 (commending the general "sentiment in favor of providing lawyers with sufficient incentive to bring…cases that serve the public interest").

### 6. Class Counsel's Rates Are Reasonable

In considering an application for attorneys' fees and costs, the Second Circuit determines a "presumptively reasonable fee" which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany¸* 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee is determined by reference to the number of hours reasonably expended on the litigation multiplied by the reasonable fee to be charged for those hours. *See generally Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009). In calculating this fee, courts generally consider the prevailing market rate for similar services by lawyers of "reasonably comparable skill, experience and reputation." *Cho v. Koam Medical Services, P.C.*, 524 F. Supp. 2d 202, 206 (E.D.N.Y. Nov. 30, 2007); *see also Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir.

12

2009) (holding that courts should use the hourly rates employed in the district where the case is heard).

In this action, V&A and LBL billed partners Lloyd Ambinder and Jeffrey K. Brown at $525.00 per hour, associates at $200.00 to $395.00 per hour, and paralegals at $125.00 per hour.[2] This is commensurate with (and substantially lower than) rates charged by firms of comparable skill and experience in this field in this District. *See, e.g.*, rate submission of Outten Golden LLP in the matter of *Willix v. Healthfirst*, 7cv1143 (RER), annexed as Exhibit F.

Class Counsel represents mostly low wage hourly workers without the means to pay for legal services. Numerous courts have determined what a reasonable client would pay for V&A and LBL to represent them in a wage and hour action if such a client had sufficient means. *See e.g. Perez et al. v. AC Roosevelt Food Corp. et al.* (EDNY 10-cv-4824) (Judge Gleeson approving hourly rates of V&A partners at $525 per hour, associates at $395.00 per hour, and paralegals at $125.00 per hour); *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 130 (S.D.N.Y. 2011) (Judge Shira A. Scheindlin approving V&A partners at $550 per hour, associates at $395.00 per hour, and paralegals at $125.00 per hour); *Garcia et al. v. The Executive Club* (S.D.N.Y. 10-cv-1545) (Judge Stein approving same hourly wage rates); *Sandoval et al. v. Galaxy Gen. Contr. Corp., et al.*, No. 10-CV-5771 (S.D.N.Y. Aug. 23, 2013) (Judge Gardephe approving same); *McBeth, et al. v. Gabrelli Truck Sales Ltd., et al.* (EDNY 09 cv 4112) (Judge Wexler approving hourly rates of partners at $495.00 per hour, of counsel at $425.00 per hour, associates at $325 to $395 per hour, and paralegals at $95.00 to $150.00 per hour ); *Aparicio v. Iguana New York LTD.* (SDNY 11-cv-1830) (Judge Pauley approving V&A partners at $550 per hour, associates at up to $425 per hour,

---

[2] See the Declaration of Suzanne Leeds Klein for information about the experience of Class Counsel's partners, associates, and paralegals.

and paralegals at $125 per hour). That other courts in the Second Circuit have already approved similar rates is an important factor for a court to consider. *See Asare v. Change Group N.Y., Inc.,* 2013 U.S. Dist. LEXIS 165935, 49-51 (S.D.N.Y. Nov. 15, 2013) (approving requested rates in part because other courts within the Second Circuit had approved these hourly rates).

## POINT IV:
## CLASS COUNSEL IS ENTITLED TO REIMBURSEMENT OF COSTS

Class Counsel's request for attorney fees in the amount of $200,000.00 would include reimbursement for out of pocket expenses in the amount of $9,078.95.  [Klein Dec. ¶27]. The FLSA and NYLL provide for an award of "costs of the action." 29 U.S.C. § 216(b); N.Y.L.L. § 663. "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." *In re Independent Energy Holdings PLC Securities Litigation*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (*citing Miltland Raleigh-Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993)). Here, Class Counsel's unreimbursed expenses consisted mainly of costs for court filings, incurred, fees, pacer access, legal research, transportation to court appearances and depositions, mailing costs and costs associated with this settlement such as performing skip traces to determine correct mailing addresses, maintaining a database of claimants and calculating settlement damages. Such costs were minimal and necessary to the representation of the Class.

## POINT V
## THE CLASS REPRESENTATIVES ARE ENTITLED TO A MODEST
## INCENTIVE AWARD FOR REPRESENTING THE CLASS

The Settlement Agreement calls for a service award of $7,500.00 to Named Plaintiff Amadou Barry, and $2,500 to Named Plaintiff Gungor Akcelik. [See Ex. C, Settlement Agreement, ¶ 3.1(d)]. Since this action was commenced in October of 2011, the Named Plaintiffs

14

have engaged in almost four years of litigation, appeared for depositions, responded to discovery, met with counsel numerous times regarding the allegations of the lawsuit, stayed in regular contact with Class Counsel regarding the progress of the litigation and the underlying facts of the allegations, and helped to effectuate this settlement. Indeed, these class representatives contributed substantial time and effort to the prosecution of this litigation.

Courts routinely approve service awards in wage and hour class and collective actions. *See, e.g.*, *In re Penthouse Executive Club Litig.*, 10-CV-1145(KMW) (approving service awards of $15,000 for each named plaintiff and $8,750 for each opt-in Plaintiff); *Chavarria v. Crest Hollow Country Club at Woodbury Inc.*, Index No. 17464/2011 (Sup. Ct. Nassau Cty., Dec. 13, 2013) (J. DeStefano) (approving service awards of $8,333.33 for each Named Plaintiff); *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *6 (E.D.N.Y. Aug. 6, 2012) (approving awards of $10,000 for each class representative); *Lovaglio v. W & E Hospitality, Inc.*, No. 10 Civ. 7351, 2012 WL 2775019, at *4 (S.D.N.Y. July 6, 2012) (approving service awards of $10,000 for each named plaintiff); *Sewell v. Bovis Lend Lease, Inc.*, No. 09-CV-6548, 2012 WL 1320124, at *14-15 (S.D.N.Y. Apr. 16, 2012) (approving service payments of $10,000 and $15,000).

"Such service awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff." *Castagna v. Madison Square Garden, L.P.*, 2011 U.S. Dist. LEXIS 64218 *23-24 (SDNY June 7, 2011). No class members have objected to the service awards.

## <u>CONCLUSION</u>

For the reasons set forth above, Class Counsel respectfully requests that this Court (1) approve the settlement agreement, (2) grant Class Counsel's Request for an award of attorneys' fees in the amount of $200,000.00, which would be inclusive of all costs, and (3) provide such other relief as the Court sees fit.

Dated: New York, New York
         October 16, 2015

VIRGINIA & AMBINDER, LLP
/s/ Lloyd Ambinder, Esq.
Suzanne Leeds Klein, Esq.
The Setai Building
40 Broad Street, Seventh Floor
New York, New York 10004
Tel:    (212) 943-9080
Fax:    (212) 943-9082
lambinder@vandallp.com
sleeds@vandallp.com

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown, Esq.
Michael A. Tompkins, Esq.
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel:    (516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com

*Class Counsel*