UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMADOU BARRY and GUNGOR AKCELIK, individually and on behalf of all other persons similarly situated who were employed by S.E.B. SERVICE OF NEW YORK, INC. and/or and/or ROBERT DINOZZI any other entities affiliated with or controlled by S.E.B. SERVICE OF NEW YORK, INC., and/or ROBERT DINOZZI, <br><br>                                                     Plaintiffs,<br><br>-against-<br><br>S.E.B. SERVICE OF NEW YORK, INC., and/or ROBERT DINOZZI and/or any other entities affiliated with or controlled by S.E.B. SERVICE OF NEW YORK, INC., and/or ROBERT DINOZZI,<br><br>                                                     Defendants. | 11-cv-5089 (MDG)<br><br>**DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND REQUEST FOR PROFESSIONAL FEES AND COSTS** |

SUZANNE LEEDS KLEIN, an attorney admitted to practice law in the State of New York and before the United States District Court for the Eastern District of New York, hereby affirms under the penalties of perjury that:

1. I am an associate of the law firm Virginia & Ambinder, LLP ("V&A"), which serves as Class Counsel with Leeds Brown Law, P.C. ("LBL") in the above-captioned action. I submit this declaration in support of Plaintiffs' application for final approval of this class action settlement, along with an award for professional fees and costs. A copy of the Proposed Final Order is annexed hereto as Exhibit A.

2. This action was commenced on October 19, 2011 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law §§ 652 and 663; New York Labor Law § 190; and New Jersey Statutes §§ 34:11-56a4 *et seq.* to recover unpaid wages, including overtime compensation, "off-the-clock" wages and unpaid "travel time" wages

allegedly owed to the Named Plaintiffs and all security personnel employed by SEB from October 19, 2005 through the present.

3.  Pursuant to Your Honor's July 7, 2015 Order preliminarily approving the proposed settlement, a Notice of Proposed Settlement and Release ("Notice"), annexed hereto as Exhibit B, was mailed to all class members at their last known address. In instances where the Notice was returned, a skip trace was performed, and the Notice re-mailed to a new address if one could be obtained.

4.  The publication and claims procedure was administered as follows:

| | |
|---|---|
| Class Notice and Claim Form: | August 12, 2015 |
| Number of FLSA Claimants Issued Checks: | 283 |
| Number of FLSA Claimants Cashed Checks: | 200 |
| Number of Authorized Claimants: | 32 |
| Number of Claim Forms and Releases Mailed: | 196 |
| Opt-outs: | 0 |
| Objections to Settlement: | 0 |
| Returned as undeliverable: | 47 |
| Resent after skip trace: | 25 |
| Approved Claims: | 32 |
| Disputed Claims: | 0 |

5.  Currently, a Fairness Hearing under FRCP 23(e)(2) is scheduled for October 27, 2015 at 11:00 a.m. To date, no class member has opted out or objected to the settlement.

6.  Through the diligent efforts of Class Counsel and the Named Plaintiffs, class members will be able to recover a significant amount of unpaid wages, as set forth in this Class

Action Settlement. [*See* the parties' negotiated Settlement Agreement and Release, annexed hereto as Exhibit C].

## APPROVAL OF SETTLEMENT

7.  Final approval of the settlement reached in this case is warranted based upon the relief obtained for the Plaintiffs and class members in this action.

8.  The total settlement amount is $369,227.50, inclusive of service awards for the Named Plaintiffs, and professional fees and costs.

9.  This amount includes a fund of $58,987.00 that was previously distributed to FLSA Claimants, and $43,610.00 distributed to FLSA Claimants with New York Labor Law claims. This Court has previously granted final approval of the FLSA settlement, and checks were distributed to all 289 members of the collective, with 200 accepting the payment and terms of the settlement. [*See* ¶ 4 above].

10. For the members of the Class, a potential fund of $56,630.50 was set aside to account for those claims. This amount for Class Claimants was established by: (i) conducting an audit of SEB's records (including schedules, payroll documents, timesheets, etc.) (ii) multiplying the amount of calculated exposure by two to account for liquidated damages (iii) adding an additional percentage to the total amount to account for any deficiencies in the calculations; and (iv) determining a percentage based on total wages earned during their employment with SEB. Based on these components, the amounts owed to Class Claimants employed as undercover guards range from $81.25 up to $11,520.00.

11. Defendants were also credited for any amounts already distributed and accepted by Class Claimants through their privately served settlement offers. [*See* Dkt. No. 101].

-3-

12. The settlement contemplates recovery of a substantial portion of damages owed to the Plaintiffs, while avoiding the risks associated with continued protracted litigation. Counsel was able to avoid the risks of continued litigation and trial by getting payment to Plaintiffs substantially sooner than would have occurred had the matter proceeded to trial and appeal.

13. The Plaintiffs have indicated that the proposed settlement is fair and reasonable. Based on Counsel's lengthy discussions with former employees, we believe that the proposed settlement constitutes a substantial recovery of what might have been obtained had this case proceeded to trial.

14. In essence, by receiving payment years earlier than they otherwise would, the settlement constitutes a clear benefit to the Plaintiffs and should be approved by the Court.

## **PROFESSIONAL FEES**

15. V&A and LBL have significant experience prosecuting large-scale wage and hour class and collection actions such as this one.

16. A sampling of cases V&A has litigated include: *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 129-130 (S.D.N.Y. 2011) (Scheindlin, J.); *Lujan v. Cabana Management, Inc.*, Index No. 10-cv-755 (E.D.N.Y. Feb. 1 2011) (Block, J.); *Zepeda et al. v. Franari Produce Distributors Inc., et al.*, (EDNY 10-cv-2588) (Bianco, J.); *Kopacz, et al. v. St. Paul Fire and Marine Insurance Co., et al.,* Index No.: 111154-2008 (Sup.Ct.N.Y.Co. 2011); *Dabrowski v. ABAX Inc.*, 2010 NY Slip Op 31981U, aff'd 4 A.D.3d 633 (1st Dept. 2011); *Cardona v The Maramont Corporation*, 2009 NY Slip Op 32695U (Sup.Ct.N.Y.Co. Nov. 12, 2009); *Kudinov v. Kel-Tech Construction Inc.*, 65 A.D.3d 481 *(1st Dept.* 2009); *Morris v. Alle Processing, Corp.*, Docket No. 08-CV-4874 (E.D.N.Y. Dec. 22, 2009); *Nawrocki v. Crimson Construction*, Docket No. 08-CV-

3153 (E.D.N.Y. June 17, 2009); *Cox v. Nap Construction Company, Inc.*, Index No. 11179/03 (Sup. Ct. N.Y. Co. 2004) (Cahn, J.), aff'd, 10 N.Y.3d 592 (2008); *Galdamez v. Biordi Constr. Corp.*, 13 Misc. 3d 1224A (Sup.Ct.N.Y.Co. June 8 2006), aff'd 50 A.D.3d 357 (Apr. 8, 2008); *Gonzalez v. Nicholas Zito Racing Stable, Inc.*, 2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. Mar. 31, 2008); *Guzman v. VLM, Inc.*, 2008 U.S. Dist. LEXIS 15821 (S.D.N.Y. Mar. 2, 2008); *Pajaczek v. Cema Constr. Corp.* 2008 NY Slip Op 50386U (Sup.Ct.N.Y.Co. Feb. 21, 2008); *De La Cruz v. Caddell Dry Dock & Repair Co., Inc.*, Index No.: 26220-2002 (Sup.Ct. Bronx.Co. Jan. 9, 2007); 4 *Brandy v. Canea Mare Construction, Inc.,* A.D.3d 512 (2nd Dept. 2006); *Rodriguez v. Apple Builders & Renovators, Inc., et al.*, Index No.: 114971-2005 (Sup.Ct.N.Y.Co. Nov. 1, 2006); *Hoffman v. New York Stone Co.*, Index No.: 111823-2005 (Sup.Ct.N.Y.Co. Sept. 29, 2006); *Wysocki v. Kel-Tech Construction, Inc.*, Index No.: 603591-2003 (Sup.Ct.N.Y.Co. Sept. 26, 2005); *Velez v. Majik Cleaning Serv.*, 2005 U.S. Dist. LEXIS 709 (S.D.N.Y. Jan. 19, 2005); *Alfaro v. Vardaris Tech, Inc.*, 69 A.D.3d 436 (1st Dept. 2010).

17. Further, V&A and LBL have served as co-counsel together on numerous wage and hour cases such as: *Destin v. World Financial Group, Inc.* (N.D. Ga. Feb. 11, 2015) (granting conditional certification to a nationwide class of more than 200,000 workers); *Weinstein v. Jenny Craig Operations, Inc.*, 2011/105520 (Sup. Ct. N.Y. Cty., Oct. 24, 2013) (granting certification to workers at Jenny Craig locations across New York state); *Ruiz v. Scotto's Smithtown Rest. Corp.*, Index No. 2010-600317 (Sup. Ct. Nassau Cty., Comm. Div., July 17, 2013) (approving class-wide settlement on behalf of 2,929 service employees at several catering facilities on Long Island); *Cataldo v. Morrell Caterers*, 12-CV-1690 (JFB)(ARL) (E.D.N.Y. June 25, 2013) (granting a Rule 23 class of service employees at three permanent catering locations); *Williams v. Air Serv Corp.*, 108648/2010 (Sup. Ct. N.Y. Cty., April 19, 2013); *In re: Penthouse Executive Club Compensation*

*Litigation*, 10-CV-1145 (KMW) (S.D.N.Y., Jan. 14, 2014) (approving distribution of settlement proceeds to a class of 235 workers for minimum wage, illegal deductions, and tip violations); *Toro v. Executive Club*, 10-cv-1545 (S.D.N.Y. August 29, 2012); *Marcus et al. v. AXA Advisors, LLC*, 11-CV-2339 (SJ)(SMG) (E.D.N.Y., June 26, 2012) (granting nationwide conditional certification under the FLSA of nearly 3,000 financial service workers); *McBeth v. Gabrielli Trucking*, 09-CV-4112(LDW) (E.D.N.Y. 2011); *Agard v. Olson's Creative Landscaping*, Index No. 10/009098 (Sup. Ct. Nassau Cty.); *Cruz v. 13th Avenue Fish Market, Inc.*, 11-CV-1209(SJ)(CLP) (E.D.N.Y. Dec. 27, 2011); *Hughes v. Jacaranda Club, LLC*, 09-CV-10571(RJS) (S.D.N.Y., Aug. 4, 2010).

18. V&A and LBL have obtained final approval of numerous class-wide settlements in wage actions such as: *Lopez v. Bethpage Associates*, Index No. 003465/2012 (Sup. Ct. Nassau Cty. Aug. 22, 2015) (J. Janowitz); *Parada v. Westbury Manor Enterprises, Inc.*, Index No. (Sup. Ct. Nassau Cty., July 1, 2014) (J. DeStefano); *Chavarria v. Crest Hollow Country Club at Woodbury, Inc.*, Index No. 017464/2011 (Sup. Ct. Nassau Cty., Comm. Div., Dec. 13, 2013) (approving class-wide settlement for over 1,800 service employees); *Khaimov v. JEM Caterers of Roslyn, LLC*, Index No. 3215/2012 (Sup. Ct. Nassau Cty., Oct. 16, 2013); *Toledo et al. v. DCJ Catering Corp.* Index No. 600994/2011 (Sup. Ct. Nassau Cty., Dec. 13, 2013)(J. Driscoll).

19. Indeed, the Appellate Division for the First Department of the New York State Supreme Court has specifically noted the skill with which V&A prosecutes wage and hour class actions: "Plaintiffs' counsel has demonstrated its expertise and zealous representation of the plaintiffs here, as well as in prior class action cases which have reached this court on appeal." *Dabrowski v. Abax Incorporated*, 84 A.D.3d 643 (1st Dept. 2011).

20. LBL has been commended in the Eastern District of New York for its work as class counsel. For example, Judge Brian M. Cogan stated, "We're obviously dealing with high-end

lawyers in this case … It seems like they gave their all to this. It seems like it would be an overstatement to say 'sweat blood,' but it sounds to me like there was a lot of sweating involved on both sides in this and the plaintiffs, no question, earned their fee in this ... You can't argue to that unless you point to some specific infirmity in counsel's performance and there is no suggestion of that here … [P]laintiffs' law firms … appeared to have done an excellent job in this, so I don't have any question about the adequacy of representation of the class." *Colabufo v. CAN Financial Corp.*, 04-CV-1863(BMC).

21.  Further, in *Garcia v. Exec. Club LLC*, 2012 U.S. Dist. LEXIS 189823 (S.D.N.Y. May 10, 2012), the court noted that: "Class Counsel [V&A and LBL] have experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law.  The work that Class Counsel has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class' interests."

22.  Most recently, in a Memorandum and Order granting preliminary approval of the class and collective action settlement in *Tart v. Lions Gate Entm't Corp.*, 14 Civ. 8004 (S.D.N.Y.), the Honorable Alison J. Nathan noted:

> Virginia & Ambinder, LLP and Leeds Brown Law, P.C. are experienced and well-qualified employment and class action lawyers with expertise in prosecuting and settling labor law cases. The substantial work that Plaintiffs' counsel has performed in investigating, litigating and reaching a settlement in this case demonstrates their commitment to the class and representing the class's interests, as well as their general ability to conduct this litigation…As noted above, Virginia & Ambinder, LLP and Leeds Brown Law, P.C. have extensive experience in labor law class actions and have devoted considerable time and effort to litigating and settling this action on behalf of the class.

*Tart v. Lions Gate Entm't Corp.*, 2015 U.S. Dist. LEXIS 139266, *7, *12 (S.D.N.Y. Oct. 13, 2015).

23.  In addition to acting as class counsel in numerous employment-related actions during the course of over two decades of the firm's history, LBL has an extensive history of

effectively litigating matters through trial, including the following trials where LBL served successfully as lead trial counsel: *Batts v. Town of Huntington*, et al., 95-CV-5326 (LDW); *Bensy v. Malverne Union Free School District, et al.*, 04-CV-4810 (DRH); *Bianco v. Flushing Hospital Medical Center, et al*., 04-18702 (Queens Sup.)(Flaherty); *Collins v. Suffolk County Police Department*, et al., 01-CV-4194 (ADS); *Deck v. Liguori, Physician, P.C.,* 03-114857 (Sup. Ct. Nassau Cty.)(Lamarca, J.); *Farb v. Baldwin Union Free School District*, 05-CV-0596 (JS); *Gunning v. Village of East Rockaway, et al.*, 96-CV-2076 (ADS); *Manning v. County of Nassau, et al.*, 98-CV-5636 (JS); *Olsen, et al. v. County of Nassau, et al.*, 05-CV-3623 (ETB); *Quinn v. County of Nassau, et al.*,97-CV-3310 (ADS); *Raghavendra v. The Robert Plan Corporation, et al.*, 96 CV 667 (VPP); *Sanchez, et al. v. WDF Greene Inc.,* et al., Index No.: 22667-02 (Bronx Sup.)(Green, J.); *Sforza v. Suffolk County Police Department, et al.*, 06-CV-3059 (LDW); *Sommer, et al. v. Aronow, et al.*, 95-CV-9230 (BSJ); *Wallace v. Suffolk County Police Department, et al.*, 04-CV-2599 (RMM); *Weeks v. Suffolk County Police Department, et al.*, 03-CV-4294 (LDW); *Hines v. Village of Hempstead Police Department*, 08-CV-5236 (LDW); *Monette v. County of Nassau*, 11-CV-539 (JFB)(AKT) (Feb. 2014).

24. Class Counsel's experienced representation in this case was greatly responsible for bringing about the positive settlement, and weighs in favor of granting the requested fees.

25. Pursuant to the proposed terms of the settlement, Class Counsel is entitled to fees and costs of $200,000.00 (*see* Settlement Agreement and Release, annexed hereto as Exhibit C, ¶3.2).

26. During the almost four years spent litigating this case, Class Counsel has spent more than 1,154 attorney and paralegal hours prosecuting this case. [Specifically, V&A and LBL's contemporaneous billing statements are annexed hereto as Exhibits D and E, respectively].

27. To date, V&A and LBL's total lodestar in this action totals approximately $388,588.94.00, plus out of pocket costs in the amount of $9,847.29. As such, Class Counsel is not seeking any lodestar multiplier, and has accepted substantially less than the lodestar amount.

28. In light of the amount of work expended over the course of almost four years of contentious litigation, Class Counsel's attorneys' fees are fair and reasonable. Class Counsel vigorously prosecuted this case to an excellent result.

29. Class Counsel undertook to prosecute this action without any assurance of payment for their services, litigating the case on a wholly contingent basis in the face of tremendous risk.

30. In the instant action, the parties engaged in extensive pre-certification discovery, which entailed depositions of all parties, in addition to written and paper discovery. Plaintiffs' motion for conditional certification and order to show cause regarding communication with class members were both highly disputed by the Defendants. Counsel also appeared at numerous court conference, spent considerable time communicating with the Named Plaintiffs, opt-in plaintiffs and many other present and former employees regarding the allegations in the litigation.

31. Class Counsel also spent a considerable amount of time negotiating this settlement with the Defendants, which included protracted discussions, formal mediation, thorough damage audits, lengthy settlement conferences with this Court, and numerous meetings and telephonic conferences with the clients about their claims and the terms of the potential settlement agreement. Class Counsel then had to prepare the settlement agreement, file a motion for preliminary approval of the class settlement, and facilitate the claims procedures for class members.

32. No class members have objected to the settlement or opted out. To the contrary, I and other members of my firm participated in detailed and lengthy conversations with the Named Plaintiffs and other interested members of the Class before arriving at this settlement. Additionally,

Class Counsel's fees will be paid exclusively by the Defendants, and claimants will retain 100% of their allotted settlement award.

33. The rates charged by V&A and LBL are reasonable and well within the accepted rates for attorneys of commensurate skill in the wage and hour class action field within this district. V&A billed partner Lloyd Ambinder at $525.00 per hour; associates at $200 to $395 per hour, and paralegals at $125 per hour. This is commensurate with (and substantially lower than) rates charged by firms of comparable skill and experience in this field in this District. *See e.g.* rate submission of Outten Golden LLP in the matter of *Willix v. Healthfirst*, 07 Civ. 1143 (RER), annexed as Exhibit F. In fact, similar rates were recently approved by Judge Bloom in *Hernandez v. Immortal Rise, Inc.*, No. 11 Civ. 4360 (E.D.N.Y. March 30, 2015); Judge Daniels in *Avila v. New York Beer Co. d/b/a Jacob's Pickles*, No. 13 Civ. 2804 (S.D.N.Y. Jan. 6, 2015); Judge Caproni in *Paguay v. Barbasso, Inc.*, No. 11 Civ. 6266 (S.D.N.Y. Aug. 1, 2014); Judge Block in *Banegas v. Lutheran Agustana Center Extended Care and Rehabilitation, Inc.*, No. 12 Civ. 2390 (E.D.N.Y. April 16, 2014); Judge Gershon in *Kalloo v. Unlimited Mechanical Co. of NY, Inc.*, No. 11 Civ. 6215 (E.D.N.Y. Dec. 18, 2013); Judge Gardephe in *Sandoval et al. v. Galaxy Gen. Contr. Corp. et al*, No. 10 Civ. 5771 (S.D.N.Y. Aug. 23, 2013); Judge Scheindlen in *Espinoza et al. v. 953 Associates LLC et al.*, No 10 Civ. 5517 (S.D.N.Y. Dec. 3, 2012); Judge Stein in *Garcia v. Executive Club*, No. 10 Civ. 1545 (S.D.N.Y. Aug. 29, 2012); Judge Gleeson in *Perez et al. v. AC Roosevelt Food Corp.*, No. 10 Civ. 4824 (E.D.N.Y. Aug. 13, 2012); Judge Wexler in *McBeth et al. v. Gabrielli Truck Sales Ltd.*, No. 09 Civ. 4112 (E.D.N.Y. 2011).

34. I ("SL") am a 2003 graduate of Cornell University and a 2006 graduate of Fordham University's School of Law. I am a recipient of the Archibald R. Murray Cum Laude Award for my commitment to public service. Prior to joining V&A, I was a litigator at Paul, Weiss, Rifkind,

Wharton & Garrison LLP and Lewis Brisbois Bisgaard & Smith LLP. I have assisted on numerous State and Federal class and collective action lawsuits based on Federal and State wage and hour laws, including lawsuits in the Southern and Eastern District of New York and Northern District of Georgia. I am billed out at a rate of $395.00 per hour.

35. Partner Lloyd R. Ambinder ("LA") is a graduate of SUNY Binghamton (BA), Columbia University (MA) and Brooklyn Law School (JD). Mr. Ambinder has been a practicing attorney for over 23 years and has been principally engaged in litigation of wage and hour claims. Mr. Ambinder has been counsel or co-counsel for plaintiffs in hundreds of State and Federal class and collective action lawsuits based on Federal and State wage and hour law, including lawsuits in the Southern and Eastern Districts of New York and the New Jersey District Courts, Georgia, Pennsylvania, West Virginia, Florida and Ohio. Mr. Ambinder bills out at a rate of $525.00 per hour.

36. Partner LaDonna Lusher ("LL") is a graduate of West Virginia State University and the University Of Baltimore School Of Law. She has been practicing as an attorney since 2004, exclusively in litigation of employment and wage and hour claims. Ms. Lusher has extensive litigation, and appellate experience. She has assisted on hundreds of State and Federal class and collective action lawsuits based on Federal and State wage and hour laws, including lawsuits in the Southern and Eastern District of New York, and the federal District Courts in the states of New Jersey, Georgia, Florida and Ohio. Ms. Lusher bills out at a rate of $425.00 per hour.

37. Partner James Murphy ("JM") is a graduate of Cornell University's School of Industrial and Labor Relations, and Fordham University's School of Law. Mr. Murphy has been practicing as an attorney since 2004, exclusively in litigation of employment and wage and hour claims. Mr. Murphy has assisted me in hundreds of State and Federal class and collective action

lawsuits based on Federal and State wage-and-hour laws, including lawsuits in the Southern and Eastern Districts of New York. Mr. Murphy bills out at a rate of $425.00 per hour.

38. Partner Jeffrey K. Brown ("JB") of Leeds Brown Law is a graduate of SUNY Albany (B.A.) and Hofstra Law School (J.D.). He has been practicing as an attorney for approximately 19 years and is principally engaged in the litigation of Employment Discrimination, Worker's Rights, and Wage & Hour claims. He has been counsel or co-counsel for plaintiffs in numerous state and federal lawsuits, based on federal and state employment, labor and wage-and-hour law, including lawsuits in the Eastern and Southern Districts of New York. Mr. Brown bills out at a rate of $525.00 per hour.

39. Michael Tompkins ("MT") is a graduate of the University of North Carolina – Chapel Hill (B.A. 2003), Indiana University – Bloomington (M.S. 2006), and Hofstra University School of Law (J.D. 2010) and has been working for LBL since 2011 on complex litigation related to class and collective actions, including those based under the Fair Labor Standards Act and New York Labor Law. Mr. Tompkins bills out at a rate of $395.00 per hour.

40. Jessica Parada ("JP") is a graduate of Hunter College and Hofstra University School of Law (J.D. 2010). Ms. Parada practiced as an attorney for LBL from 2011 to 2012, and worked primarily in the field of wage and hour law under the FLSA and NYLL. Ms. Parada bills out at a rate of $300.00 per hour.

41. Isabel Gardocki ("IG") was employed by V&A starting in 2010, first as a paralegal and Polish language translator while she obtained her law degree at Brooklyn Law School, and upon graduation as an attorney starting in 2012. Ms. Gardocki billed out at a rate of $200 per hour prior to obtaining her law degree and $250.00 thereafter.

42. Konstancja Maleszynska ("KMN") is a paralegal and Polish language translator who worked at V&A from 2011 to 2015. Ms. Maleszynska holds a Bachelor of Arts degree in English philology from Adam Mickiewicz University in Poznan, Poland and a Master of Arts degree in English from Fordham University. Ms. Maleszynska bills out at a rate of $125.00 per hour.

WHEREFORE, as set forth herein and in Plaintiffs' prior submissions to the Court, it is respectfully requested that this Court grant Plaintiffs' motion for final approval of this Settlement and Class Counsel's application for an award of fees and costs in the amount of $200,000.00, and for any further relief as this Court sees fit.

Dated: New York, New York
       October 16, 2015

VIRGINIA & AMBINDER, LLP
/s/ Suzanne Leeds Klein
The Setai Building
40 Broad St., Seventh Floor
New York, New York 10004
Tel:  (212) 943-9080
Fax:  (212) 943-9082
sleeds@vandallp.com

-13-