UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMADOU BARRY and GUNGOR AKCELIK, individually and on behalf of all other persons similarly situated who were employed by S.E.B. SERVICE OF NEW YORK, INC. and/or and/or ROBERT DINOZZI any other entities affiliated with or controlled by S.E.B. SERVICE OF NEW YORK, INC., and/or ROBERT DINOZZI,<br><br>                                                                    Plaintiffs,<br><br>-against-<br><br>S.E.B. SERVICE OF NEW YORK, INC., and/or ROBERT DINOZZI and/or any other entities affiliated with or controlled by S.E.B. SERVICE OF NEW YORK, INC., and/or ROBERT DINOZZI,<br><br>                                                                   Defendants. | 11-cv-5089 (MDG) |

## [PROPOSED] FINAL ORDER APPROVING SETTLEMENT

WHEREAS, the Parties have made an application, pursuant to Rule 23(e) Fed. R. Civ. P., for an order approving settlement in the above-entitled action (the "Lawsuit") of the claims alleged, in accordance with a Settlement Agreement (the "Agreement"), which sets forth the terms and conditions for the settlement of the Lawsuit against Defendants and for dismissal of the Lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the Declaration of Suzanne Leeds Klein dated October 16, 2015, and exhibits attached thereto;

WHEREAS, on July 7, 2015, this Court issued an order preliminarily approving the proposed settlement agreement and providing for notice of the settlement to the Class. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the Named Plaintiffs and the Class, as defined in the proposed Agreement. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court also scheduled a

Fairness Hearing to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

WHEREAS, counsel for Plaintiffs has advised that no written objections to the settlement have been received, and no class members have opted out of the settlement. Further, no one is anticipated to appear at the Fairness Hearing, scheduled for October 27, 2015, to voice an objection or otherwise be heard to contest the settlement.

WHEREAS, the Court is satisfied that the proposed settlement in this action meets both the procedural and substantive fairness.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of the Lawsuit, and over all parties to the Lawsuit, including all Class Members.

2. For purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

3. The settlement set forth in the Agreement is approved and the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Named Plaintiff and the Class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

4. All terms and provisions of the Agreement shall be implemented.

5. Class Members who have not properly and timely exercised their opt-out rights in the Lawsuit are conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the Agreement. All such matters are hereby finally concluded, terminated and extinguished.

6. The Notice distributed to Class Members fully and accurately informed the Class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all Class Members complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

7. The Settlement Fund is to be distributed to the Class Members, pursuant to the Agreement, including professional costs and fees, and to satisfy the employer obligations to pay any and all employer taxes and withholdings on the settlement amount, as required by federal, state, and local law, all in accordance with the terms of the Agreement.

8. All Class Claimants shall be required to sign a Claim Form and Release as a condition of receiving his or her settlement allocation.

9. Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement. That the Clerk of the Court is directed to close case 11 Civ. 5089 (MDG) on _____, 2015.

SO ORDERED THIS ___ DAY OF _____ 2015.

_____
Honorable Marilyn D. Go, U.S.M.J

3