UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| *S.E.B. Service of New York, Inc. Wage and Hour Lawsuit*<br><br>Docket No.: 11 Civ. 5089 | **NOTICE OF PROPOSED<br>CLASS ACTION SETTLEMENT**<br><br>DATED: May 21, 2015 |

TO: All present and former persons who performed work as undercover security personnel from October 19, 2005 through the present, excluding all administrative, executive, supervisory, office, and managerial positions.

### PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of class and collective action litigation. It has been authorized by a federal court. It contains important information as to your right to participate in the settlement, and to make a claim for payment or elect not to be included in the class.**

Former employees of SEB filed a lawsuit for unpaid wages, including overtime wages, and other damages against SEB. The Court in charge of this case is the United States District Court for the Eastern District of New York. The lawsuit is captioned as *Barry v. S.E.B. Service of New York, Inc.*, No. 11-CV-5089 (SLT) (MDG). The individuals who filed the lawsuit are called the Named Plaintiffs. Named Plaintiffs allege in the lawsuit that, among other things, SEB failed to pay them and other similarly situated employees all wages, including for overtime for the hours worked over 40 in a workweek and travel time between work locations, in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

Named Plaintiffs and SEB have agreed to settle the action subject to the approval of the Court. SEB has agreed to a settlement fund in the maximum amount of $369,227.50, including attorneys' fees and costs. The Court has not decided who is right and who is wrong in this lawsuit. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, to participate in the settlement you must send a properly completed Claim Form and Release to the Settlement Claims Administrator that must be mailed and post-marked or otherwise received by [DATE]. If you fail to submit a timely Claim Form and Release by [DATE], you will receive no monetary distribution from the settlement. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself from the lawsuit you must follow the directions outlined in response to question 6 below. |
| **OBJECT** | Write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under New York Law unless you submit a valid and timely Request for Exclusion. You will not be bound by the settlement if you exclude yourself as described herein. |

**1. Why did I receive this notice?**

You have received this notice because SEB's records show that you worked as an undercover security guard during the relevant time period.

You may have previously received documents entitled "Payment of Unpaid Wages Agreement", "Release Agreement" and a check purporting to be a settlement amount. These documents were not authorized by the Court. Even though you may have already accepted a check and executed a release, you may still be entitled to receive additional amounts from the Settlement Fund.

### 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Marilyn D. Go, United States District Court for the Eastern District of New York, is the Magistrate Judge presiding over this class action settlement.

### 3. Why is there a settlement?

Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against SEB in the Litigation, investigated SEB's pertinent payroll policies, engaged in motion practice, analyzed payroll data for Plaintiffs and a significant sample of the Class Members and evaluated SEB's ability to pay a judgment. Based upon their analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs' Counsel entered into this proposed settlement. Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate, and that this Agreement is in the best interest of the Named Plaintiffs and Class Members.

### 4.     What is my proposed settlement amount?

The total settlement fund is $369,227.50, inclusive of all damages, fees and costs with respect to the Named Plaintiffs, FLSA Claimants, and New York Class.

For the period of October 19, 2005 through May 16, 2014, Class Claimants employed as undercover guards in New York are entitled to receive a portion of the potential fund of $56,630.50, less any amounts previously paid to Class Claimants by SEB as part of the unauthorized release.

Your estimated portion of the settlement will be based on (i) an audit that was conducted of SEB's records (ii) calculating the time spent traveling from location during designated shifts (iii) adding an additional percentage to the total amount to account for any deficiencies in the calculations; and (iv) determining a percentage based on total wages earned during your employment with SEB.

Based on these components, the amounts owed to Class Claimants employed as undercover guards range from $81.25 up to $11,520.00. Please refer to the enclosed Claim Form to review your allotted portion from the settlement fund.

> "*Class Claimant*" shall mean a Class Member who files a Claim Form and Release, post-marked on or before the Claim Bar Date, electing to participate in the settlement of this Litigation. Class Claimants do not include FLSA Claimants or Named Plaintiffs.

### 5.     Procedures

To receive a distribution from the settlement fund, you must timely complete and return the enclosed Claim Form and Release according to instructions provided on the form, including: (1) an acknowledgement that, by signing the Claim Form and Release, you wish to participate in the case and receive payment; and (2) a release of claims consistent with that set forth in this Notice, and the Claim Form and Release. The Claim Form and Release must be personally filled out by the current or former employee who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf.

The Claim Form and Release must be properly completed, signed, and mailed to the Settlement Claims Administrator via First Class United States Mail, and post-marked or otherwise received by the Claims Administrator on or before [BAR DATE]. If you do not properly complete and timely submit the Claim Form and Release, you will not be eligible to receive any monetary distribution.

You should keep in mind that if you do not opt out, and if you do not properly and timely complete and return the Claim Form and Release in accordance with instructions provided on the form, you will not receive a distribution from the settlement fund, but you will still be bound by the Release of all NYLL claims.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge SEB through the date of preliminary approval of the settlement from all NYLL

claims asserted in the Complaint. This means that you cannot sue, continue to sue, or be party of any other lawsuit against SEB regarding the NYLL claims brought in this case. It also means that the Court's orders will apply to you and legally bind you. In addition, by signing the Claim Form and Release, you will forever and fully release SEB through the date of preliminary approval of the settlement from all FLSA and NYLL claims asserted in the Complaint.

### 6. How do I exclude myself from the settlement?

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue SEB on your own about the legal issues in this case, or which could have been brought in this case, then you must take steps to exclude yourself from this case. If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Claims Administrator stating "I opt out of the SEB wage and hour settlement" and include your name, job title, address, and telephone numbers ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Claims Administrator via First Class United States Mail, postage prepaid, and postmarked by [BAR DATE].

Settlement Claims Administrator
FRG Information Systems Corp.
P.O. Box 460 Peck Slip Station
New York, NY 10272-0460
RE: SEB

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

### 7. If I don't exclude myself from the settlement, can I sue SEB for the same thing later?

Yes and No. If you don't exclude yourself, and you do not file a Claim Form and Release, you still have a right to sue SEB under the FLSA. Whether or not you file a claim Form and Release, by not excluding yourself, you give up any rights to sue SEB for the NYLL claims brought in this case, as well as any state and/or local wage claims, which could have been brought in this case.

### 8. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against SEB regarding these same claims as long as the statute of limitations has not run.

### 9. Do I have a lawyer in this case?

Lloyd Ambinder and Suzanne Klein of Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York, 10004, (212) 943-9080, and Jeffrey Brown and Michael Tompkins of Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, New York, 11514, (516) 873-9550, represent you and the other Class Members as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 10. How will the lawyers be paid?

Class Counsel will ask the Court to approve their fees plus expenses and costs to be paid out of the total settlement fund of $369,227.50. The fees would pay Class Counsel for investigating the facts, litigating the lawsuit, and negotiating and overseeing the settlement. The Court will ultimately decide the amount that will be paid to Class Counsel for their services.

### 11. What if the amount of all claims plus the attorney's fees exceeds $369,227.50?

The maximum amount that SEB will pay to the Class and Class Counsel is $369,227.50 regardless of the aggregate amount of Claims that are filed. To the extent that the aggregate value of all Claims plus Class Counsel's attorney's fees and costs exceeds $369,227.50, then payments shall be reduced so that the maximum amount that SEB will pay does not exceed $369,227.50.

### 12. How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion. To object, you must send a letter saying that you object to the settlement of *Barry v. SEB Service of New York, Inc..*, No. 11-

3

CV-5089.  Your statement must include all reasons for the objection and any supporting documentation.  Your statement must also include your name, job title, address, and telephone numbers. If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. You will not be allowed to present reasons for your objection at the fairness hearing that you did not describe in your written objection.  Mail the objection to the Settlement Claims Administrator.  Your objection will not be heard unless it is mailed to the Settlement Claims Administrator and postmarked by [BAR DATE].

Settlement Claims Administrator
FRG Information Systems Corp.
P.O. Box 460 Peck Slip Station
New York, NY 10272-0460
RE: SEB

The Settlement Claims Administrator will file your objection statement with the Court. You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

### 13. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### 14. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at [DATE AND TIME], at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, in Courtroom 11C. At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Judge will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

### 15. Are there more details about the settlement?

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can review the settlement agreement by asking for a copy of the Settlement Agreement by contacting Plaintiffs' counsel: Lloyd Ambinder or Suzanne Klein of the law firm of Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York, 10004, (212) 943-9080, or Jeffrey Brown and Michael Tompkins of Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514, (516) 873-9550.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*S.E.B. Service of New York, Inc. Wage and Hour Lawsuit*

Docket No.: 11 Civ. 5089

# CLAIM FORM AND RELEASE

# INSTRUCTIONS

**In order to receive your portion of the settlement funds described in the Notice of Proposed Class Action Settlement ("Notice"), you must sign, date, and return this Claim Form and Release to the Claims Administrator so that it is postmarked or otherwise received on or before [BAR DATE].**

Settlement Claims Administrator
FRG Information Systems Corp.
P.O. Box 460 Peck Slip Station
New York, NY 10272-0460
RE: SEB

### CHANGES OF ADDRESS

It is **your responsibility** to keep a current address on file with the Claims Administrator. Please make sure to notify the Settlement Claims Administrator of any change of address.

Settlement Claims Administrator
FRG Information Systems Corp.
P.O. Box 460 Peck Slip Station
New York, NY 10272-0460
RE: SEB

### CLAIM FORM AND RELEASE

*THIS FORM MUST BE MAILED AND POST-MARKED TO THE SETTLEMENT CLAIMS ADMINISTRATOR OR OTHERWISE RECEIVED BY THE CLAIMS ADMINISTRATOR BY [DATE].*

**I, [NAME], accept my settlement amount of [AMOUNT].**

I understand that this lawsuit is being brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and New York Labor Law. I hereby consent and agree to join the case of *Barry v. S.E.B. Service of New York*, 11 Civ. 5089, I consent and agree to be bound by any adjudication of this action by the Court. I further agree to be bound by the collective and class action settlement herein approved by my attorneys and approved by this

Court as fair, adequate, and reasonable (the "Agreement"). I hereby designate the law firms of Virginia & Ambinder, LLP and Leeds Brown Law, P.C. to represent me in this action.

My signature below constitutes a full and complete release and discharge of full and complete release and discharge of S.E.B. Service of New York and/or Robert Dinozzi and/or any other entities affiliated with or controlled by S.E.B. Service of New York and/or Robert Dinozzi (including but not limited to: Safe Environment Business Solutions, Inc., S.E.B. Services of New Jersey, Inc., S.E.B. Services of Massachusetts, Inc., S.E.B. Services of Illinois, Inc., Safe Environment Business Solutions of Ohio, Inc., Security Enforcement Bureau, Inc.), individually, their present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them ("Releasees") by me and by my respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, from any and all wage and hour claims, demands, rights, liabilities, expenses, and losses of any kind, that I have, had, or might have had against Releasees based on any act or omission that occurred at any time up to and including the date of preliminary approval of the settlement related to any of the facts or claims alleged in this Litigation, even if presently unknown and/or un-asserted, including but not limited to:  The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq*. and the wage and hour laws and regulations of the state of New York, including, the New York Labor Law Article 6 and 19, and all derivative benefit claims (both ERISA and non-ERISA benefits), interest on such claims, common laws claims and attorneys' fees, expenses and costs in exchange for a proportionate share of the Settlement Fund  based on the number of weeks worked during the period from October 19, 2005 through the present as an undercover guard and subject to the settlement formula set forth in the Notice and the Agreement.

I further agree that (other than to my immediate family, tax advisor or legal counsel) I shall not disclose or in any way publicize the settlement payment made to me hereunder, whether orally, in writing, electronically, in social media or otherwise. I understand and agree that violation of this promise of confidentiality may be a sufficient basis for an award of injunctive relief or damages for injuries caused by my breach of this confidentiality promise.

I declare under penalty of perjury that the above information is correct.

_____                    _____
Name (print)                                                                  Signature

_____
Mailing Address

_____
Telephone Number

_____
Date