Case 1:11-cv-05089-MDG   Document 114-8   Filed 10/16/15   Page 1 of 13 PageID #: 1492

Case 1:07-cv-01143-RER   Document 312   Filed 02/18/11   Page 1 of 13 PageID #: 2626
Case 1:07-cv-01143-RER   Document 304-1   Filed 02/08/11   Page 2 of 14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GERTRUDE WILLIX, RAMESH SHAH, and VIKAS BHAT, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHFIRST, INC., d/b/a HEALTHFIRST; HF MANAGEMENT SERVICES, LLC, d/b/a HEALTHFIRST; and HEALTHFIRST PHSP, INC. d/b/a HEALTHFIRST<br>Defendants. | No. 07 Civ. 1143 (ENV)(RER) |

**ORDER GRANTING PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS**

Plaintiffs are former Marketing Representatives who worked for Healthfirst, Inc., HF Management Services, LLC, and Healthfirst PHSP (collectively "Healthfirst") throughout the New York City metropolitan area enrolling individuals in state-subsidized health insurance programs. On March 16, 2007, Plaintiff Gertrude Willix ("Willix") commenced this action as a putative class action under Fed. R. Civ. P. 23 ("Rule 23") and collective action under 29 U.S.C. § 216(b) ("§ 216(b)") seeking unpaid overtime compensation, liquidated damages, interest, back pay, front pay, compensatory and punitive damages, injunctive relief, and attorneys' fees and costs.

Willix alleged that Healthfirst violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by improperly classifying Marketing Representatives as exempt from overtime premium pay. Willix also brought individual claims of sex discrimination and retaliation under the New York City Human Rights Law.

Case 1:11-cv-05089-MDG   Document 114-8   Filed 10/16/15   Page 2 of 13 PageID #: 1493
Case 1:07-cv-01143-RER   Document 312   Filed 02/18/11   Page 2 of 13 PageID #: 2627
Case 1:07-cv-01143-RER   Document 304-1   Filed 02/08/11   Page 3 of 14

Over the course of the litigation, Plaintiff amended her Complaint four times, adding two new named plaintiffs and alleging a joint employment relationship between the various Healthfirst entities.

After substantial discovery, pursuant to the parties' stipulation, the Court granted class certification of Plaintiffs' NYLL claims under Rule 23 and authorized notice to issue the FLSA collective under §216(b). In addition to the named plaintiffs, 590 other Marketing Representatives have joined this case as opt-in plaintiffs.

During post-certification discovery, the parties reached this $7,675,000 settlement. (Declaration of Justin M. Swartz in Support of Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Swartz Decl.") ¶¶ 22, 23.) Several weeks later, the parties executed a formal written settlement agreement. (Swartz Decl. Ex. A. ("Settlement Agreement").) On October 21, 2010, the matter was referred to this Court for all purposes.

On November 15, 2010, this Court entered an Order preliminarily approving the settlement and authorizing notice (Swartz Decl. Ex. C ("Notice")) to all class members. (Swartz Decl. Ex. B ("Preliminary Approval Order").)

On December 3, 2010, Rust Consulting, Inc., a third-party claims administrator, sent the Notice to all class members informing them of their right to opt out of or object to the settlement and of Class Counsel's intention to seek service awards of $7,500 to $30,000 for the named plaintiffs, 33% of the settlement fund for Class Counsel's attorneys' fees, and up to $125,000 for their out-of-pocket expenses.

Seven Class Members filed timely objections to the terms of the settlement. Three other Class Members filed untimely objections. No Class Member objected to the service awards or counsel's request for fees and costs. Three Class Members requested exclusion, although one

2

Case 1:11-cv-05089-MDG   Document 114-8   Filed 10/16/15   Page 3 of 13 PageID #: 1494
Case 1:07-cv-01143-RER   Document 312   Filed 02/18/11   Page 3 of 13 PageID #: 2628
Case 1:07-cv-01143-RER   Document 304-1   Filed 02/08/11   Page 4 of 14

subsequently rescinded his exclusion request.

On February 8, 2009, Plaintiffs filed their Motion for Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"). The same day, Plaintiffs also filed their Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and their Motion for Class Representative Service Awards ("Motion for Service Awards"). Defendants did not oppose these motions.

The Court held a fairness hearing on February 18, 2011. Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, the Motion for Service Awards, the supporting declarations, the objections Class Members, the arguments presented at the February 18, 2011 fairness hearing, and the complete record in this matter, for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

APPROVAL OF THE SETTLEMENT AGREEMENT

1.   The Court hereby grants the Motion for Final Approval and approves the settlement as set forth in the Settlement Agreement and this Order under Federal Rule of Civil Procedure 23.

2.   Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). To determine whether a settlement is procedurally fair, courts examine the negotiating process leading to the settlement. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001). To determine whether a settlement is substantively fair, Courts determine whether the settlement's terms are fair, adequate, and reasonable according to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

Case 1:11-cv-05089-MDG   Document 114-8   Filed 10/16/15   Page 4 of 13 PageID #: 1495
Case 1:07-cv-01143-RER   Document 312   Filed 02/18/11   Page 4 of 13 PageID #: 2629
Case 1:07-cv-01143-RER   Document 304-1   Filed 02/08/11   Page 5 of 14

3.      Courts examine procedural and substantive fairness in light of the "strong judicial policy favoring settlements" of class action suits. *Wal-Mart Stores*, 396 F.3d at 116; *see also Spann v. AOL Time Warner, Inc.*, No. 02 Civ. 8238(DLC), 2005 WL 1330937, at *6 (S.D.N.Y. June 7, 2005) ("[P]ublic policy favors settlement, especially in the case of class actions."). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007).

4.      "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery." *Clark v. Ecolab*, Nos. 07 Civ. 8623(PAC), 04 Civ. 4488(PAC), 06 Civ. 5672(PAC), 2010 WL 1948198, at *4 (S.D.N.Y. May 11, 2010) (internal quotation marks and citation omitted). The Court gives weight to the parties' judgment that the settlement is fair and reasonable. *See Khait v. Whirlpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106, at *5 (E.D.N.Y. Jan. 20, 2010); *Westerfield v. Washington Mut. Bank*, No. 06 Civ. 2817(CBA), No. 08 Civ. 287(CBA)(JMA), 2009 WL 5841129, at *3 (E.D.N.Y. Oct. 8, 2009).

*Procedural Fairness*

5.      The settlement is procedurally fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank*, 228 F.R.D. at 184 (citing *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)). The settlement was reached after Plaintiffs had conducted a thorough investigation and evaluated the claims, and after extensive negotiations between the parties. Plaintiffs' counsel interviewed more than 100 Marketing Representatives to determine their job duties, how Healthfirst compensated them for their work, how much, if any, overtime

4

Case 1:11-cv-05089-MDG Document 114-8 Filed 10/16/15 Page 5 of 13 PageID #: 1496
Case 1:07-cv-01143-RER Document 312 Filed 02/18/11 Page 5 of 13 PageID #: 2630
Case 1:07-cv-01143-RER Document 304-1 Filed 02/08/11 Page 6 of 14

work they performed, how they were trained, and other information relevant to their claims. From these interviews, Plaintiffs obtained supportive declarations from 44 Marketing Representatives. (Swartz Decl. ¶¶ 5, 6.)

6. Plaintiffs obtained and analyzed a large quantity of electronically-stored data from several different sources for all Marketing Representatives. This data included pay rates, dates of employment, and work locations. Plaintiffs hired statistical experts, EConsult Corporation, who tabulated and analyzed the time and payroll data. (Swartz Decl. ¶¶ 11.)

7. Plaintiffs also deposed seven officers of the Healthfirst entities, including the companies' former Executive Vice President, Senior Vice President and General Counsel, Corporate Controller, Vice President of Human Resources, Vice President of Sales, Director of Sales Operations, and Sales Training Manager. Defendants took depositions of the three named plaintiffs as well as two Class Members. (Swartz Decl. ¶¶ 13, 14.)

8. To help resolve the case, the parties enlisted the services of experienced employment mediator Carol Wittenberg of JAMS. (Swartz Decl. ¶¶ 19, 20.) Arm's-length negotiations involving counsel and a mediator raise a presumption that the settlement they achieved meets the requirements of due process. *See Wal-Mart Stores*, 396 F.3d at 116; *Khait*, 2010 WL 2025106, at *5.

*Substantive Fairness*

9. The settlement is substantively fair. All of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval.

10. The "*Grinnell* factors" are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing

5

Case 1:11-cv-05089-MDG Document 114-8 Filed 10/16/15 Page 6 of 13 PageID #: 1497
Case 1:07-cv-01143-RER Document 312 Filed 02/18/11 Page 6 of 13 PageID #: 2631
Case 1:07-cv-01143-RER Document 304-1 Filed 02/08/11 Page 7 of 14

damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

11. Litigation through trial would be complex, expensive, and long. Therefore, the first *Grinnell* factor weighs in favor of final approval.

12. The Class's reaction to the settlement was positive. The Notice included an explanation of the allocation formula and an estimate of each class member's award. The Notice also informed class members that they could object to or exclude themselves from the settlement, and explained how to do so. (Swartz Decl. ¶¶ 41.)

13. Only seven of the 2,025 Class Members submitted timely objections to the Settlement, and only two have requested exclusion. This favorable response recommends final approval. "The fact that the vast majority of class members neither objected nor opted out is a strong indication" of fairness. *Wright v. Stern*, 553 F. Supp. 2d 337, 344-45 (S.D.N.Y. 2008) (approving settlement where 13 out of 3,500 class members objected and 3 opted out).

14. The Court finds that the seven timely objections are without merit and are therefore overruled. The Court also finds that the untimely objections are overruled both because they are untimely and because they are without merit. Therefore, the second *Grinnell* factor weighs in favor of final approval.

15. The parties have completed enough discovery to recommend settlement. The pertinent question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d at 537. Here, over the course of three years, Plaintiffs obtained substantial discovery, including both documentary

6

Case 1:11-cv-05089-MDG Document 114-8 Filed 10/16/15 Page 7 of 13 PageID #: 1498
Case 1:07-cv-01143-RER Document 312 Filed 02/18/11 Page 7 of 13 PageID #: 2632
Case 1:07-cv-01143-RER Document 304-1 Filed 02/08/11 Page 8 of 14

evidence and deposition testimony. (Swartz Decl. ¶¶ 11-14.) The third *Grinnell* factor weighs in favor of final approval.

16. The risk of establishing liability and damages further weighs in favor of final approval. "Litigation inherently involves risks." *In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997). One purpose of a settlement is to avoid the uncertainty of a trial on the merits. *In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969). Here, the fact-intensive nature of Plaintiffs' claims and Defendants' affirmative defenses presents risk. The settlement eliminates this uncertainty. The fourth *Grinnell* factor weighs in favor of final approval.

17. The risk of maintaining class status throughout trial also weighs in favor of final approval. A motion to decertify the class would likely require extensive discovery and briefing, possibly followed by an appeal, which would require additional rounds of briefing. Settlement eliminates the risk, expense, and delay inherent in this process. The fifth *Grinnell* factor weighs in favor of final approval.

18. The risk of collection weighs in favor of final approval. The settlement eliminated the risk of collection, as Defendants have already established the Fund and will fully fund it following this Order. Accordingly, the sixth *Grinnell* factor favors final approval.

19. The substantial amount of the settlement weighs strongly in favor of final approval. The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d at 178). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* (quoting *Newman v. Stein*, 464

7

Case 1:11-cv-05089-MDG  Document 114-8  Filed 10/16/15  Page 8 of 13 PageID #: 1499
Case 1:07-cv-01143-RER  Document 312  Filed 02/18/11  Page 8 of 13 PageID #: 2633
Case 1:07-cv-01143-RER  Document 304-1  Filed 02/08/11  Page 9 of 14

F.2d 689, 693 (2d Cir. 1972)). The seventh *Grinnell* factor favors final approval.

## APPROVAL OF THE FLSA SETTLEMENT

20.  The Court hereby approves the FLSA settlement.

21.  The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *Clark v. Ecolab*, 2010 WL 1948198, at *7; *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984).

22.  Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *Clark v. Ecolab*, 2010 WL 1948198, at *7; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Id.* at 1353-54. If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Id.* at 1354; *see Khait*, 2010 WL 2025106, at *7; *Lynn's Food Stores*, 679 F.2d at 1353 n.8; *Manning v. N.Y. Univ.*, No. 98 Civ. 3300(NRB), 2001 WL 963982, at *12 (S.D.N.Y. Aug. 22, 2001) (recognizing that the Supreme Court has allowed an FLSA settlement for unpaid wages or overtime pursuant to a judicially-supervised stipulated settlement); *Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 07-CV-153(ETB), 2007 WL 5209390, at *1 (E.D.N.Y. Sept. 6, 2007) (same).

23.  The Court finds that the FLSA settlement was the result of contested litigation and arm's length negotiation.

## DISSEMINATION OF NOTICE

24.  Pursuant to the Preliminary Approval Order, the Notice was sent by first-class mail to each identified class member at his or her last known address (with re-mailing of returned Notices). (Ex. D to Swartz Decl. (Declaration of Stacy Roe) ¶¶ 10-13.) This Court finds that the

Case 1:11-cv-05089-MDG Document 114-8 Filed 10/16/15 Page 9 of 13 PageID #: 1500
Case 1:07-cv-01143-RER Document 312 Filed 02/18/11 Page 9 of 13 PageID #: 2634
Case 1:07-cv-01143-RER Document 304-1 Filed 02/08/11 Page 10 of 14

Notice fairly and adequately advised class members of the terms of the settlement, as well as the right of members of the class to opt out of the class, to object to the settlement, and to appear at the fairness hearing conducted on February 18, 2011. Class Members were provided the best notice practicable under the circumstances. The Court further finds that the Notice and distribution of such Notice comported with all constitutional requirements, including those of due process.

## AWARD OF FEES AND COSTS TO CLASS COUNSEL AND AWARD OF SERVICE PAYMENTS TO NAMED PLAINTIFFS

25. On December 4, 2009, the Court appointed Outten & Golden LLP as Class Counsel because they met all of the requirements of Federal Rule of Civil Procedure 23(g).

26. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Class Members' claims.

27. Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law. *See, e.g., Khait v. Whirlpool*, 2010 WL 2025106, at *7 (O&G are "skilled and experienced employment class action lawyers . . . [and] have extensive experience prosecuting and settling nationwide wage and hour class and collective actions" (citations omitted); *Westerfield*, 2009 WL 5841129, at *4 (same).

28. The work that Class Counsel have performed in litigating and settling this case demonstrates their commitment to the Class and to representing the Class's interests. Class Counsel have committed substantial resources to prosecuting this case.

29. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $2,558,333 in attorneys' fees or one third (33 1/3%) of the Fund (including any interest in the Fund).

9

Case 1:11-cv-05089-MDG Document 114-8 Filed 10/16/15 Page 10 of 13 PageID #: 1501
Case 1:07-cv-01143-RER Document 312 Filed 02/18/11 Page 10 of 13 PageID #: 2635
Case 1:07-cv-01143-RER Document 304-1 Filed 02/08/11 Page 11 of 14

30. The Court finds that the amount of fees requested is fair and reasonable using the "percentage-of-recovery" method, which is consistent with the "trend in this Circuit." *See McDaniel v. Cty. Of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010); *Khait*, 2010 WL 2025106, at *8 (following the "'trend'" and adopting the percentage-of-the-fund method); *Westerfield v. Washington Mut. Bank*, Nos. 06-CV-2817(JMA), 08 Civ. 00287(CBA)(JMA), 2009 WL 5841129, at *4 (E.D.N.Y. Oct. 8, 2009) (same); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494(DF), 2009 WL 5841177, at *4 (S.D.N.Y. May 28, 2009) (same); *Mohney v. Shelly's Prime Steak*, 06 Civ. 4270(PAC), 2009 WL 5851465, at *5 (S.D.N.Y. Mar. 31, 2009) (same); *Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 261-62 (S.D.N.Y. 2003) (collecting cases adopting the percentage-of-the-fund method); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 483-85 (S.D.N.Y. 1998) (same).

31. In wage and hour class action lawsuits, public policy favors a common fund attorneys' fee award. *See Frank*, 228 F.R.D. at 189. Where relatively small claims can only be prosecuted through aggregate litigation, "private attorneys general" play an important role. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980). Attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. *Goldberger v. Integrated Res. Inc.*, 209 F.3d 43, 51 (2d Cir. 2000) (commending the general "sentiment in favor of providing lawyers with sufficient incentive to bring common fund cases that serve the public interest"). Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA and the NYLL. *See Braunstein v. E. Photo. Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1975), *cert. denied*, 441 U.S. 944 (1979) (FLSA); *Ramos v. Marksue Realty Corp.*, 586 F. Supp. 488, 492 (S.D.N.Y. 1984) (NYLL); *Samiento v. World Yacht Inc.*, 883 N.E.2d 990, 994 (N.Y. 2008) (NYLL).

10

Case 1:11-cv-05089-MDG   Document 114-8   Filed 10/16/15   Page 11 of 13 PageID #: 1502
Case 1:07-cv-01143-RER   Document 312   Filed 02/18/11   Page 11 of 13 PageID #: 2636
Case 1:07-cv-01143-RER   Document 304-1   Filed 02/08/11   Page 12 of 14

32. Class Counsel's request for 33 1/3% of the Fund is reasonable and "consistent with the norms of class litigation in this circuit." *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452(RLE), 2008 WL 782596, at *5 (S.D.N.Y. Mar. 24, 2008); *see also Khait*, 2010 WL 2025106, at *1, 9; *Duchene v. Michael Cetta, Inc.*, No. 06 Civ. 4576(PAC)(GWG), 2009 WL 5841175, at *3 (S.D.N.Y. Sept. 10, 2009) (awarding class counsel 32.2% of $3,150,000 fund in FLSA and NYLL tip misappropriation case); *Mohney*, 2009 WL 5851465, at *5 (awarding 33% of $3,265,000 fund in FLSA and NYLL case); *Stefaniak v. HSBC Bank USA, N.A.*, No. 05 Civ. 720S, 2008 WL 7630102, at *3 (W.D.N.Y. June 28, 2008) (awarding 33% of $2.9 million fund in FLSA and NYLL case); *Maley*, 186 F. Supp. 2d at 370 (awarding 33 1/3% fee on fund valued at $11.5 million); *Cohen v. Apache Corp.*, No. 89 Civ. 0076(PNL), 1993 WL 126560, at *1 (S.D.N.Y. Apr. 21, 1993) (awarding 33 1/3% of the $6.75 million fund).

33. Class Counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation. A percentage-of-recovery fee award of 33 1/3% is consistent with the Second Circuit's decision in *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, where the Court held that a "presumptively reasonable fee" takes into account what a "reasonable, paying client" would pay. 493 F.3d 110, 111-12 (2d Cir. 2007). While *Arbor Hill* is not controlling here because it does not address a common fund fee petition, it supports a 33 1/3% recovery in a case like this one where Class Counsel's fee entitlement is entirely contingent upon success.

34. All of the factors in *Goldberger v. Integrated Res. Inc.*, 209 F.3d 43, 51 (2d Cir. 2000) weigh in favor of a fee award of 33 1/3% of the Fund.

35. The fact that Class Counsel's fee award will not only compensate them for time and effort already expended, but for time that they will be required to spend administering the settlement going forward also supports their fee request. *Khait*, 2010 WL 2025106, at *9.

Case 1:11-cv-05089-MDG   Document 114-8   Filed 10/16/15   Page 12 of 13 PageID #: 1503
Case 1:07-cv-01143-RER   Document 312   Filed 02/18/11   Page 12 of 13 PageID #: 2637
Case 1:07-cv-01143-RER   Document 304-1   Filed 02/08/11   Page 13 of 14

36. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $90,000, which the Court deems to be reasonable. Courts typically allow counsel to recover their reasonable out-of-pocket expenses. *See In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (citing *Miltland Raleigh-Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993)).

37. The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

38. The Court finds reasonable service awards of $30,000 to Gertrude Willix, $15,000 to Ramesh Shah and Vikas Bhat, and $7,500 to Yin Tung and Corpa Monclova. These amounts shall be paid from the Settlement Fund.

39. Such service awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff. *See Khait*, 2010 WL 2025106, at *9; *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 200-01 (S.D.N.Y. 1997) ("The guiding standard in determining an incentive award is broadly stated as being the existence of special circumstances including the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, the time and effort expended by that plaintiff in assisting in the prosecution of the litigation or in bringing to bear added value (e.g., factual expertise), any other burdens sustained by that plaintiff in lending himself or herself to the prosecution of the claims, and, of course, the ultimate recovery.").

CONCLUSION

40. The "Effective Date" of the settlement shall be 30 days after the date of this Order if no party appeals this Order. If a party appeals this Order, the "Effective Date" of the settlement shall be the day after all appeals are finally resolved.

Case 1:11-cv-05089-MDG Document 114-8 Filed 10/16/15 Page 13 of 13 PageID #: 1504
Case 1:07-cv-01143-RER Document 312 Filed 02/18/11 Page 13 of 13 PageID #: 2638
Case 1:07-cv-01143-RER Document 304-1 Filed 02/08/11 Page 14 of 14

41. Within 5 days of the Effective Date, the Claims Administrator will distribute the money in the settlement account by making the following payments in the order below:

   a. Paying Class Counsel fees of $2,558,333;

   b. Reimbursing Class Counsels' costs in the amount of $90,000, which the Court finds to be reasonable;

   c. Paying the settlement administrator's fees;

   d. Paying service awards of $30,000 to Gertrude Willix, $15,000 each to Ramesh Shah and Vikas Bhat, and $7,500 each to Yin Tung and Corpa Monclova;

   e. Paying the remainder of the money in the settlement account to class members in accordance with the allocation plan described in the Settlement Agreement.

42. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement and this Order.

It is so ORDERED this 18 day of February, 2011.

_____
Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge

13