UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

AMADOU BARRY and GUNGOR AKCELIK, individually and on behalf of all other persons similarly situated who were employed by S.E.B. SERVICE OF NEW YORK, INC. and/or and/or ROBERT DINOZZI any other entities affiliated with or controlled by S.E.B. SERVICE OF NEW YORK, INC., and/or ROBERT DINOZZI,

                                              Plaintiffs,

            -against-

S.E.B. SERVICE OF NEW YORK, INC., and/or ROBERT DINOZZI and/or any other entities affiliated with or controlled by S.E.B. SERVICE OF NEW YORK, INC., and/or ROBERT DINOZZI,

                                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ORDER GRANTING FINAL APPROVAL FOR THE FLSA COLLECTIVE ACTION SETTLEMENT AND PRELIMINARILY APPROVING THE PROPOSED CLASS SETTLEMENT**

11-cv-5089 (MDG)

      WHEREAS plaintiffs brought this action on behalf of present and former employees who performed work as uniformed, armed, unarmed and undercover security personal for defendant S.E.B. Service of New York, Inc. ("SEB") asserting claims for unpaid wages and overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 207(a), 211(c), 215(a)(2)(5), 216 and 217 (2004) ("FLSA"), and pendent state claims under the New York Labor Law ("NYS Labor Law"), N.Y. Lab. Law, Art. 19, §§ 650 et seq. and its implementing regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (2004);

      WHEREAS the Court conditionally certified this action as a collective action (DE 69) and, after notices were set to all potential members of the collective, 279 persons submitted consents to join the collective;

WHEREAS the parties have entered into a Settlement Agreement filed on June 1, 2015 (the "Settlement Agreement") (DE 112), as amended (DE 115-1, 115-2) settling all claims in this action and provides that settlement funds shall be to be paid as follows to three overlapping subgroups:

(1) all persons who have joined the FLSA collective ("FLSA Claimants"), who will be entitled to receive payments covering the period from May 7, 2009 through May 16, 2014; (2) a proposed class of FLSA Claimants who worked from October 19, 2005 through May 6, 2009 ("FLSA Claimant Class"); and (3) a proposed class of undercover security personnel who worked from October 19, 2005 through May 14, 2014 ("UC Settlement Class");

WHEREAS plaintiffs have moved for approval of the settlement of this matter (DE 109) seeking final approval of the FLSA collective action and preliminary approval of the settlement of class claims under the NYS Labor Law, including provisional certification of the above two proposed Settlement Classes; appointment of Plaintiffs' Counsel as Class Counsel, and approval of Plaintiffs' proposed Notices of Settlement and proposed Settlement Procedures and Claim Form (DE 109, 111, 112);

WHEREAS the Court has reviewed the Settlement Agreement, as amended[1]; the Motion for Settlement (DE 109) and proposed revised notices of settlement (DE 115-1, 115-2); and the Court having been fully advised;

---

[1] At a hearing held on July 2, 2015, the Court noted that the class definition contained in the notice and settlement agreement were inconsistent. However, the Court granted the motion for final approval of the FLSA settlement and preliminary approval of the proposed class settlement subject to the definitions being made consistent, but contemplated that a formal order would be entered only after the amended agreement was filed, as promised by the parties. See minute entry filed 7/7/2015. The amended settlement agreement was not filed until November 9, 2015. Because the parties have signed an addendum to the settlement agreement indicating that following the July 2, 2015 conference, the parties understood the agreement to incorporate the relevant changes and complied with all other aspects of the court's approval order as discussed at that conference, see DE 115, this Court is nonetheless belatedly issuing this Order since the reasons for the findings and rulings made at the July 2, 2015 hearing remain unchanged, and the parties have complied with the directives set forth herein.

Now, therefore, after hearings held on June 24, 2015 and July 2, 2015 the Motion for Settlement is granted as follows.

**Final Approval of FLSA Collective Action Settlement**

1. Based upon the Court's review of the Declaration of Suzanne Leeds Klein ("Klein Dec.") (DE 109-2), the other papers submitted in connection with the Motion for Settlement, and familiarity with prior proceedings herein, the Court grants final approval of the FLSA Collective Action Settlement memorialized in the Settlement Agreement, as amended.

2. The Court finds for purposes of preliminary settlement approval that notice to the FLSA Collective Action Members, which is combined with the notice to one of the two proposed settlement classes, is appropriate.

3. The Court finds for purposes of preliminary settlement approval that the Release to be signed by the FLSA Collective Action Members is appropriate.

4. Based on extensive supervision of settlement discussions and familiarity with this action, the Court finds that the Settlement Agreement is the result of arm's length negotiations after substantial discovery and that the terms are reasonable in light of all relevant circumstances. Without the settlement, plaintiffs face the prospect of a prolonged and costly litigation and will face difficulty in proving liability as to the claims of many putative class members. I find that the benefits of the certainty of a settlement eliminates the costs and outweighs the risks of further litigation.

**Preliminary Approval of Class Action Settlement**

5. In light of the findings set forth below, the Court grants preliminary approval of the settlement of the class action memorialized in the Settlement Agreement and Release and provisionally certifies two Rule 23 settlement classes.

**Provisional Certification of Two Settlement Classes**

6. The Court provisionally certifies the following two classes under Federal Rule of Civil Procedure 23(e), for settlement purposes only:

    A. The FLSA Claimant Class: A class consisting of Plaintiffs and all persons who have joined the FLSA collective and who performed work for SEB from October 19, 2005 through May 6, 2009; and

    B. The UC Settlement Class: A class consisting of Plaintiffs and all current and former persons who performed work for defendant S.E.B. SERVICE OF NEW YORK, INC. as undercover security personnel from October 19, 2005 through the May 14, 2014, excluding all administrative, executive, supervisory, office and managerial positions.

7. The Court finds, for purposes of settlement, that Plaintiffs meet all of the requirements under Federal Rule of Civil Procedure 23(a) for the two settlement classes.

    A. Plaintiffs in the FLSA Class satisfy Federal Rule of Civil Procedure 23(a)(1) because there are no fewer than 279 Class Members in that class. There are at least 150 prospective members in the US Settlement Class. Thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

    B. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including whether Plaintiffs were properly paid overtime compensation for all hours worked in excess of 40 in a regular seven consecutive day workweek. Notwithstanding differences in the hours worked by various class members, any underpayment in compensation resulted from uniform company policies, practices, and procedures.

    C. Similarly, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because their claims arise from the same factual and legal circumstances that form the bases of the class members' claims.

D. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiff's interests are not adverse or at odds with class members.

8. Plaintiffs also meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members.

**Appointment of Plaintiffs' Counsel as Class Counsel**

9. The Court appoints Lloyd Ambinder and Suzanne Leeds Klein, Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York, 10006 and Jeffrey K. Brown and Michael Tompkins, Leeds Brown Law, P.C., One Old Country Road, Carle Place, New York 11514 as Class Counsel.

10. Class Counsel did substantial work identifying, investigating, analyzing and settling Plaintiff's and the class members' claims.

11. Class Counsel have significant experience prosecuting and settling employment class actions, including wage and hour class actions. The work that Class Counsel has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class' interests.

**Class Notice**

12. The Court has reviewed the proposed Notices, as amended. The proposed notice of settlement of the claims of the FLSA Claimant Class is combined with notice of the settlement of the FLSA collective action claims. See "Notice of Proposed FLSA Class and Collective Action Settlement" attached to the Klein Declaration as Exhibit B (DE 109-4), as amended (DE115-1, 115-2) . This notice will be sent with checks for settlement of the FLSA Collective and the FLSA Claimant Class claims and proposed releases. The notice also provides that a class member seeking to opt-out of the class should simply not cash the enclosed settlement check.

The proposed notice of settlement of the claims of the UC Settlement Class includes a proposed Claim Form and Release, and requires that a claim be filed by a bar date to be set. See "Notice of Proposed Class Action Settlement" regarding the UC Settlement Class attached to the Klein Declaration as Exhibit C" (DE 109-6) , as amended (DE 115-1, 115-2).

13. Federal Rule of Civil Procedure 23(c)(2)(B) requires that the best notice practicable under the circumstances be given and that the notice must concisely and clearly state in plain, easily understood language a description of the nature of the action, the class certified, and the class claims, issues, or defenses asserted. A class notice must also advise that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

14. The Court has finds that the two proposed Notices, as amended, and the procedures proposed, satisfy due process concerns and the requirements of Federal Rule of Civil Procedure 23. Notices will be sent to all potential class members at their last known addresses. Thus, they will receive appropriate notices and the proposed Notices sufficiently put class members on notice of the terms proposed settlement and the applicable procedures.

**Class Action Settlement Procedure**

15. The Court hereby directs that the two Notices must be sent to members of the Collective Action and members of the two proposed Classes as follows:

> A. The Notice of Proposed FLSA Class and Collective Action Settlement, settlement checks, and releases must be mailed by August 12, 2015.
>
> B. The Notice of Proposed Class Action Settlement must be mailed by August 12, 2015.
>
> C. The notices must state that claims or opt-out notices must be filed by September 30, 2015 and that potential class members may attend the fairness hearing to be held on October 27, 2015 at 11:00 a.m. in Courtroom 11C.

16. The Settlement Administrator shall be responsible for mailing the notices, checks, claim form and releases by first class mail to the last known address of every member of the class and collective action. At least one week prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement evidencing its compliance with the provisions of this order concerning the mailing of the Class Notices and the Claim Form to all the Class Members.

17. Defendants must fund the settlement accounts by July 27, 2015.

18. In order to be deemed a Class Member entitled to receive the consideration set forth in the Settlement Agreement, members of the UC Settlement Class electing to participate in the Settlement must file a properly executed Claim Form with the Settlement Administrator, postmarked no later than September 30, 2015. The validity of the Claim Forms shall be governed by the terms set forth in the Settlement Agreement.

19. Each Class Member shall have a right to exclude himself or herself from the Settlement and the Classes to which he or she is a member by delivering a signed written notice to the Settlement Administrator, postmarked no later than September 30, 2015. Any Class Member who excludes himself or herself from the proposed Settlement and the Class will neither be entitled to any of the benefits of the Settlement nor will any claims that he or she has against the defendant be affected by this action. Any Class Member who fails to submit a valid and timely notice of exclusion will be included in the Class and will be bound by all determinations and any final judgment entered in this action.

20. By October 16, 2015, plaintiff's counsel shall file with the Court a sworn statement listing all Class Members who have submitted timely requests for exclusion. The originals of all requests for exclusion shall be retained by the Settlement Administrator or by plaintiffs' counsel until administration is complete or pursuant to a Court order.

21. All motions and papers in support of the proposed Settlement and any application by plaintiffs' counsel for attorneys' fees or reimbursement of expenses shall be filed and served by October 16, 2015. Such submissions shall include a discussion of the <u>Grinnell</u> factors, including the substantive fairness of the Settlement. <u>See</u> <u>City of Detroit v. Grinnell Corp.</u>, 495 F.2d 448, 463 (2d Cir. 1974).

22. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or in connection with the proposed Settlement.

23. The Court may approve the Settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Class.

24. If the Settlement is terminated for any reason whatsoever, the Settlement Agreement and all proceedings had in connection therewith shall be null and void and have no further force or effect. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in any actions or proceedings by any person or entity for any purposes whatsoever, and each party shall be restored to his or her respective position as it existed prior to the execution of the Settlement Agreement.

**SO ORDERED.**

Dated: Brooklyn, New York
      November 12, 2015

                                                              _/s/_____
                                                              MARILYN D. GO
                                                              UNITED STATES MAGISTRATE JUDGE
                                                              (718) 613-2550